(812 P.2d 761)

No. 65,875

DANNY RAY LAMB, *Appellant*, v. KANSAS PAROLE BOARD, *Appellee*.

Opinion filed June 7, 1991.

*Charles J. Cavenee*, of Legal Services for Prisoners, of Lansing, for the appellant.

*Martha M. Snyder*, assistant attorney general, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, C.J., ELLIOTT and LARSON, JJ.

BRISCOE, C.J.: Danny Lamb appeals the dismissal of his petition for a writ of habeas corpus, which he filed pursuant to K.S.A. 60-1501. Lamb was sentenced to a term of 30 years to life imprisonment following his 1972 conviction of a class B felony. His first hearing before the parole board was held in November 1987. He was denied parole and passed for further parole consideration for a period of five years. As a result of this five-year pass, Lamb's next parole hearing is scheduled for November 1992.

The sole issue presented is whether K.S.A. 1990 Supp. 22-3717(h) applies to Lamb's 1987 parole denial. K.S.A. 1990 Supp. 22-3717(h), which became effective May 19, 1988, provides in relevant part:

"If parole is denied for an inmate sentenced for a class A or class B felony, the board shall hold another parole hearing for the inmate not later than three years after the denial and shall conduct an annual file review for such inmate. Written notice of such annual file review shall be given to the inmate."

Lamb argues that, as a result of the amendment, he was entitled to another parole hearing in November 1990, three years after his initial parole hearing when parole was denied. He also argues he is entitled to annual file reviews. The parole board argues 22-3717(h) applies only to parole determinations made after the effective date of the amendment. Under the parole board's interpretation, Lamb must wait until November 1992 before 22-3717(h) applies to him. Under this interpretation, Lamb would not be entitled to annual file reviews until after his scheduled November 1992 hearing. In short, this court is asked to determine whether the amendment applies retroactively to govern parole denials that occurred before the amendment became effective.

A habeas corpus action is the appropriate procedure for reviewing decisions of the parole board. *Swisher v. Hamilton*, 12 Kan. App. 2d 183, 185, 740 P.2d 95, *rev. denied* 242 Kan. 905 (1987). As parole from confinement in a penal institution prior to serving all of an imposed sentence is a privilege, a matter of grace exercised by the parole board, this court's review of the denial of parole is limited to whether the parole board complied with applicable statutes and whether its action was arbitrary and capricious. K.S.A. 1990 Supp. 22-3710; *Swisher*, 12 Kan. App. 2d at 185. Neither the district court nor this court has authority to substitute its discretion for that of the paroling authority in granting parole. If error is found in the board's interpretation and application of statutes, the case must be remanded to the parole board with instructions to conduct a proper hearing pursuant to the applicable statutes and make the proper findings. *Swisher*, 12 Kan. App. 2d at 185.

The issue presented here is one of statutory construction.

"The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. [Citations omitted.] When the legislature revises an existing law, as here, it is presumed that the legislature intended to make some change in the law as it existed prior to the amendment. [Citation omitted.]" *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987).

The critical issue in this case is whether the legislature intended the amendment to be applied retroactively or prospectively. The retroactive/prospective application of a statute was recently examined in *State v. Sutherland*, 248 Kan. 96, 106, 804 P.2d 970 (1991). A statute operates prospectively unless its language clearly indicates that the legislature intended it to operate retroactively. An exception to this fundamental rule is that, if the statutory change does not prejudicially affect the substantive rights of the parties and is merely procedural or remedial in nature, it applies retroactively. *Sutherland*, 248 Kan. at 106. "Thus, the issue becomes whether the statute is substantive criminal law, which either defines a crime or involves the length or type of punishment." *Sutherland*, 248 Kan. at 106.

In 1972, when Lamb committed the crime, there was no statutory guarantee as to the frequency with which an inmate would be considered for parole. At that time, 22-3717 provided simply that the parole board could hold parole rehearings "at such intervals thereafter as it may determine" by its rules and regulations. L. 1970, ch. 129, § 22-3717. Indeed, in *Swisher*, the petitioner contended the parole board had deprived him of his statutory right to a hearing at "intervals" by passing further consideration of parole until his conditional release date. We rejected this contention after concluding the statute vested discretion in the parole board to determine the frequency of parole hearings and did not require any specified interval between parole hearings. *Swisher*, 12 Kan. App. 2d at 186.

K.S.A. 1990 Supp. 22-3717(h) has changed the "intervals" language of the statute. It is important to note, however, that the legislature changed only the frequency of affording an inmate the

opportunity to demonstrate parole suitability. The provision at issue does not alter the criteria by which parole suitability is determined, nor does it change the criteria governing an inmate's release on parole. Unlike the statute interpreted in *Sutherland*, 22-3717(h) does not involve modification of length of sentence. Since the change neither "defines a crime" nor "involves the length or type of punishment," it cannot be deemed substantive. *Sutherland*, 248 Kan. at 106. A law which provides or regulates the steps by which one who violates a criminal statute is punished is a procedural law. *State v. Hutchinson*, 228 Kan. 279, 287, 615 P.2d 138 (1980). Clearly, the change incorporated in 22-3717(h) is merely procedural and, thus, applies retroactively.

The legislature is aware of the appellate courts' established rules of statutory construction and is, therefore, aware that procedural changes in the law operate retroactively. *Sutherland*, 248 Kan. at 106. K.S.A. 1990 Supp. 22-3717(h) is clearly procedural. Therefore, it is clear the legislature intended the amendment to apply retroactively.

Once it has been determined the legislature knew 22-3717(h) would apply retroactively, we must consider whether it violated the United States Constitution's ban on ex post facto laws. U.S. Const., art. I, § 10. "[T]wo critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29, 67 L. Ed. 2d 17, 101 S. Ct. 960 (1981). A criminal law disadvantages the offender if it punishes an act not punishable when committed, imposes additional punishment to that then prescribed, aggravates the crime, or alters the legal rules of evidence. *Miller v. Florida*, 482 U.S. 423, 429, 96 L. Ed. 2d 351, 107 S. Ct. 2446 (1987). Since we have determined the amendment applies retroactively, the question becomes whether the 1988 amendment disadvantages inmates in Lamb's position.

Prior to enactment of 22-3717(h), there was no statutory guarantee as to the frequency with which an inmate would be considered for parole. The 1988 amendment affords inmates file reviews annually and parole hearings at least every three years. By its very terms, 22-3717(h) operates to Lamb's advantage by

providing for more frequent reconsideration for parole. As applied to this case, Lamb was entitled to another parole hearing in November 1990 and to annual file reviews from November 1988. Thus, there is no ex post facto violation.

Reversed and remanded with directions to the district court to grant Lamb the habeas relief he seeks by requiring the parole board to immediately schedule Lamb for a parole hearing and subsequent annual file reviews pursuant to K.S.A. 1990 Supp. 22-3717(h).