Mr. Darrell E. Miller Jewell County Attorney 208 N. Commercial P.O. Box 344 Mankato, Kansas 66956
Dear Mr. Miller:
As attorney for Jewell county, you request our opinion regarding the apportionment of expenses incurred by the county in conducting the election of April 6, 1993. Specifically, you ask whether certain election expenses may be apportioned to a city and school district when residents of three townships were not eligible to vote during the election held April 6, 1993.
Prior to determining whether the situation presented is one in which direct expenses are to be apportioned, we believe it is important to acknowledge the provisions of K.S.A. 25-2204.
 "In the event that any subdivision of government receives a statement of apportionment of election expense from a county election officer and is aggrieved thereby, the governing body of such subdivision of government may within thirty (30) days after receipt of such statement appeal to the state election board specifying such charges as it believes should be made in such statement. In accordance with its rules and regulations, the state election board shall receive and determine such appeal, with or without hearing, and issue an order confirming the statement as made or providing that certain changes be made in the statement. The determination of the state election board of any appeal under the provisions of this section shall be conclusive, and shall be the exclusive remedy in such cases. Mandamus action may be maintained to enforce any order of the state election board." K.S.A. 25-2204 (emphasis added).
In State, ex rel., v. Unified School District, 218 Kan. 47 (1975), the court reviewed the effect on a school district when the school district, believing that it fit within the exception set forth in K.S.A. 25-2201
and did not owe apportioned expenses, failed to follow the appeal procedure set forth in K.S.A. 25-2204 "but instead sat back and waited to be sued." Id at 49. The court stated:
 "The right of appeal is granted to any subdivision that is `aggrieved' by a statement for expenses. Surely a school district is `aggrieved' by receiving a bill it feels it does not owe just as much as by one it thinks is too high. The legislature, as it does when it creates any administrative board, sought to channel all problems of one type through one body so that all similar claims would be determined by the same standard. The legislative intent to keep election expense matters out of the courts is emphasized by the `exclusive remedy' language of the statute; the clear import is that one must either bring his claim before the board or pay the specified expenses without challenge." State, ex rel., v. Unified School District, 218 Kan. at 49.
While the court acknowledged that, despite the language of the statute, the state election board is not the final arbiter of the statute as any actions exceeding its authority are subject to judicial review,State, ex rel., v. Unified School District, 218 Kan. at 50, the court determined the school district had failed to exhaust administrative remedies.
 "The net result is that the school district here should have appealed its grievance over the statement it received to the state election board. When it failed to do so within the statutory time, its statutory liability became fixed . . . ." State, ex rel., v. Unified School District, 218 Kan. at 52.
The legislature has established an administrative procedure to be followed by governmental subdivisions which have been aggrieved by a determination of the county election officer regarding apportionment of election expenses. Any governmental subdivision which fails to exhaust the remedies established under that procedure incurs the liability for apportioned expenses as determined by the county election officer.
In the situation you present, the election expenses were incurred April 6, 1993. It appears that more than thirty days have passed since statements regarding apportionment of the expenses were received by the city and the school district. It also appears that neither the city nor the school district has appealed the determination of the county election officer to the state election board. In fact, no appeals have been made to the state election board since 1977. If the city and the school district have, in fact, failed to appeal the statement of the county election officer to the state election board within the prescribed period of time, the city and school district are liable for the apportioned expenses of the election.
We now address your specific question for assistance in situations where the time for appeal has not passed.
Apportionment of election expenses is addressed in K.S.A. 25-2201 etseq. Election expenses of all primary, general, and question submitted elections which are township, city, school, or community college elections are to be paid by the board of county commissioners. K.S.A.25-2201.
 "(b) The direct expenses of any primary, general and question submitted elections which are township, city, school or community junior college elections, except for any such election held on a day when every registered voter in the county is authorized to vote at one election or another, shall be reimbursed to the county by the township, city, school or community junior college district for which such expenses are incurred. Indirect expenses of such elections shall not be reimbursed to the county. All costs of publication of notices of election shall be reimbursed to the county by the township, city, school district or community junior college to which the notice applies.
 "(c) Whenever reimbursement to the county is required under subsection (b), the direct expenses of any election held at the same time and in the same area as an election for another subdivision of government shall be apportioned among the subdivisions of government for which such expenses are incurred, in equal proportions. In the event that the subdivisions of government sharing the expense of an election are not coextensive in territory, the subdivision of government which does not extend into a particular area shall not share in the expense of the voting place in that area." Id (emphasis added).
Direct expenses and indirect expenses are defined in K.A.R. 6-1-1 and6-1-2, respectively. As K.S.A. 25-2201 authorizes the apportionment of direct expenses, those expenses set forth in K.A.R. 6-1-1 are to be apportioned among the subdivisions of the government except if the expenses were incurred "for any such election held on a day when every registered voter in the county is authorized to vote at one election or another."
As originally enacted in 1968, K.S.A. 25-2201 did not expressly provide an exception regarding elections conducted when all voters of the county were eligible to vote on the day of the election. See L. 1968, ch. 53, secs. 1, 2. In 1973, the legislature amended the statute to provide that:
 "(b) The direct expenses of any primary, general and question submitted elections which are township, city, school or community junior college elections, except for such elections that are held on the same day in every precinct in every county, shall be reimbursed to the county by the township, city, school or community junior college for which such expenses are incurred." L. 1973, ch. 164, sec. 1.
In Attorney General Opinion No. 73-100, Attorney General Vern Miller determined that the amendment set forth in L. 1973, ch. 164, sec. 1 was enacted in anticipation that a constitutional amendment would be submitted to the electorate on the same day that city and school elections were to be conducted. Acknowledging that the language of the amended statute may not have been fully reflective of the intent of the legislature, it was determined that:
 "It was the intention of the proponents of the amendment, we understand, to require thereby that counties bear all expenses of elections of townships, cities, schools and community junior colleges when such elections were held on the same day that an election of whatever nature is conducted in every precinct of the county." Attorney General Opinion No. 73-100.
In Attorney General Opinion No. 73-285, Attorney General Vern Miller further provided:
 "It is not the effect of [the amendment set forth in L. 1973, ch. 164, sec. 1], in our view, to require the county to pay the cost of any election conducted by another political or taxing subdivision merely [because] every voter in the county is eligible to participate in an election conducted by such other political or taxing subdivision. The county is required, in our view, to pay the cost of an election conducted by another political or taxing subdivision when such an election is held on the same day that another election is held in every precinct in the county."
In Attorney General Opinion No. 73-292, Attorney General Vern Miller addressed a situation in which three school districts located in Miami county conducted elections of members of the respective boards of education. In the opinion, it was stated:
 "In our view, there was no single county-wide election. There were three district-wide elections, no one of which was held, necessarily, in every precinct of the county. As we have construed ch. 164, L. 1973 [sic], a school district remains liable to reimburse the county for the direct expenses of any school election, except when that election is held on the same day that another election is conducted in every precinct of the county. Accordingly, in this case, the county has no obligation to pay the costs of the school district elections." Attorney General Opinion No. 73-292.
Therefore, under L. 1973, ch. 164, sec. 1, the city and school district would be subject to apportionment of election expenses as no governmental subdivision conducted an election in which all precincts in the county were open for the election conducted by that governmental subdivision.
In 1974, the legislature further amended the statute, deleting the amendment set forth in L. 1973, ch. 164, sec. 1 and providing that election expenses are to be apportioned "except for any such election held on a day when every registered voter in the county is authorized tovote at one election or another." K.S.A. 25-2201 (emphasis added). When the legislature revises existing law, it is presumed the legislature intended to make some change in the law as it existed prior to the amendment. State v. Dubish, 234 Kan. 708, 713 (1984); Lamb v. KansasParole Board, 15 Kan. App. 2d 606, 609 (1991). Therefore, reconsidering the situation addressed in Attorney General Opinion No. 73-292 under the present form of K.S.A. 25-2201, the election expenses could not be apportioned among the school districts as all electors of the county were eligible to vote in an election, albeit that there were essentially three separate district-wide elections. Apportionment of election expenses pursuant to K.S.A. 25-2201 is to occur except when all registered electors of a county are eligible to vote in an election conducted in the county. It is not required that all registered electors of the county be eligible to vote for the same public offices or questions.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS: