19 F.3d 34
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Stanley D. ROARK, Petitioner-Appellant,
v.
KANSAS PAROLE BOARD, and/or its individual members; United
Team Members; Attorney General of the State of
Kansas, Respondents-Appellees.
 No. 93-3354.
 United States Court of Appeals, Tenth Circuit.
 March 7, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Stanley D. Roark (Roark), appearing pro se, appeals from the district court's order dismissing his 28 U.S.C. 2254 and 42 U.S.C.1983 petition, without prejudice, for failure to exhaust state remedies.
 
 
 3
 In order to reach the merits of Roark's claims on appeal, we grant his motions for leave to proceed in forma pauperis and for a certificate of probable cause.
 
 
 4
 Roark is an inmate of the State of Kansas. His complaint filed with the district court alleged that the Kansas Parole Board had violated his civil rights in using "Boiler Plate Reasons" to deny him parole. He has requested that this court appoint counsel to represent him. The motion is denied.
 
 
 5
 In his rambling complaint, Roark bitterly complains of the actions taken by the Kansas Parole Board "passing" any consideration of a parole date until a later time. One such notice shows that the Board heard Roark's application on February 18-20, 1992, and passed further consideration to March, 1993. On March 9, 1993, the Board entered an Action Notice showing that Roark's application was heard February 16-18, 1993, and passed for further consideration to March, 1994. The Board did list, on both notices, that the "serious nature of the crime" and "circumstances of the crime" and "objections regarding parole" were reasons for passing.
 
 
 6
 In his complaint, Roark alleged that the Kansas Parole Board's "Boiler Plate Reasons" for denying him parole constituted a violation of his civil rights and "is unconstitutional" in violation of the First, Fourth, Fifth, Eighth and Fourteenth Amendments, the Bill of Rights "as well as the Constitution of the State of Kansas." He complained that the Kansas Parole Board refused to look at the progress he had made as an inmate and that the Board "make their own laws as it suits them."
 
 
 7
 In his Opening Brief, Roark asserts, without any supporting documentation, that "I appealed the Kansas Parole Board decision using the rules of the K.S.A. and the rules of the Kansas Parole Board." (Appellant's Opening Brief, page 2, Part 3). Roark does not identify any particular Kansas Parole Board decision and he does not recite to any dates, filing numbers or Kansas state courts with the exception of another vague and conclusory allegation that "In my show cause order back to the court, I sent a motion that I had filed with the Wyandotte County Dist. Court ..." Id. at 7, C. 3rd Issue. Roark sought relief from his sentence pursuant to 1983, vacation of his sentence and his release, and all other relief under his 1983 motions.
 
 
 8
 We recognize that "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F. 1106, 1110 (10th Cir.1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). However, federal courts have discretion to dismiss pro se claims if they lack an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 324-25 (1989). We review a dismissal of a habeas corpus petition for lack of subject matter jurisdiction de novo. Williams v. United States, 957 F.2d 742, 743 (10th Cir.1992). When reviewing a dismissal of a complaint, we treat all material allegations as true and construe the complaint in favor of the plaintiff/petitioner. Riggs v. City of Albuquerque, 916 F.2d 582, 584 (10th Cir.1990), cert. denied, 499 U.S. 976 (1991).
 
 
 9
 The district court issued, sua sponte, an Order to Show Cause directing Roark to demonstrate that he had exhausted his state court remedies pursuant to K.S.A. 60-1501 and Lamb v. Kansas Parole Bd., 812 P.2d 761, 763 (Kan.App.1991). In his response, Roark asserted that "A properly formulated Habeas Corpus and 42 U.S.C.1983 suit does not require a claimant to exhaust available state judicial or administrative remedies before seeking federal judicial relief," and "considering the fact that I have had an appeal in the Wyandotte County Court concerning my original case for the past 9Sec. months and it has still to come up for a hearing ... the same thing would have happened to it." Thus, Roark acknowledged that he has not sought relief from the Kansas state courts relative to his "Boiler Plate Reasons" complaint against the Kansas Parole Board.
 
 In Lamb, the court held:
 
 10
 A Habeas corpus action is the appropriate procedure for reviewing decisions of the parole board.... As parole from confinement in a penal institution prior to serving all of an imposed sentence is a privilege, a matter of grace exercised by the parole board, this court's review of the denial of parole is limited to whether the parole board complied with applicable statutes and whether its action was arbitrary and capricious ... Neither the district court nor this court has authority to substitute its discretion for that of the paroling authority in granting parole.
 
 
 11
 812 P.2d at 763.
 
 
 12
 Here, the Kansas Parole Board did state its reasons for "passing" Roark and denying his petitions for parole. There is no contention that the Parole Board violated applicable Kansas statutes. In any event, Roark's state remedy of habeas corpus has not been exhausted. Insofar as plaintiff is claiming under Section 1983, the dismissal is affirmed because petitioner has not stated a cognizable claim.
 
 
 13
 We AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470