42 F.3d 1406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Loyd I. LEWIS, Petitioner-Appellant,
v.
KANSAS PAROLE BOARD, whose individual names are unknown to
the petitioner at this time and Attorney General
of Kansas, Respondents-Appellees.
 No. 94-3056.
 United States Court of Appeals, Tenth Circuit.
 Dec. 1, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Petitioner-appellant Loyd I. Lewis appeals from the district court's dismissal of his habeas corpus petition pursuant to 28 U.S.C. 2254. The district court dismissed the action for failure to exhaust state remedies. On appeal, Mr. Lewis contends that he also is proceeding under 42 U.S.C.1983 and that the Respondents-appellees are violating his civil rights by using boilerplate reasons to deny him parole and failing to recognize that he has completed his program agreement. While the petition might appear to raise procedural due process claims cognizable in a 1983 complaint for damages, see Wolff v. McDonnell, 418 U.S. 539, 554-55 (1974), a review of the petition and Mr. Lewis's brief on appeal convinces us that Mr. Lewis is challenging the lawfulness of his confinement. The federal remedy is habeas corpus, with its exhaustion requirement. See Heck v. Humphrey, 114 S.Ct. 2364, 2369 (1994); Kan. Stat. Ann. 60-1501; Lamb v. Kansas Parole Bd., 812 P.2d 761, 763 (Kan.App.1991). Mr. Lewis has not demonstrated that he has exhausted state remedies and his incomplete references to other state cases involving "samesimilar problems" do not persuade us that the exhaustion requirement should be waived.
 
 
 2
 AFFIRMED. We GRANT Mr. Lewis leave to proceed on appeal in forma pauperis and GRANT a certificate of probable cause. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument