(935 P.2d 231)

No. 77,161

ROBERT ALAN BOOKLESS, *Appellant*, v. STATE OF KANSAS, *Appellee.*

Opinion filed March 28, 1997.

*Ryan Kipling Elliot*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

No appearance by appellee.

Before PIERRON, P.J., ROYSE and KNUDSON, JJ.

KNUDSON, J.: Robert Alan Bookless was convicted of aggravated robbery and aggravated battery in 1978. In 1996, Bookless filed a motion under K.S.A. 60-1507, seeking conversion of his indeterminate sentences under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.* The district court denied Bookless' motion.

Bookless has moved for summary disposition of his appeal without briefing pursuant to K.S.A. 21-4721(g) and (h). The State has filed no response. We affirm.

On appeal, Bookless argues that the limited retroactivity provision of the KSGA is unconstitutional. The Kansas Supreme Court upheld the constitutionality of the KSGA's retroactivity provision in *Chiles v. State*, 254 Kan. 888, 903, 869 P.2d 707, *cert. denied* 130 L. Ed. 2d 88 (1994). In his motion, Bookless concedes that *Chiles* is controlling. Therefore, this claim must be rejected.

Bookless raises three additional arguments in his appeal. First, Bookless contends that the Kansas Parole Board is partial and biased in its own favor. Second, he claims that refusal to convert his sentence violates K.S.A. 1992 Supp. 22-3717(n) and K.A.R. 44-6-107. Finally, Bookless argues that his constitutional rights have

been violated by the Kansas Sentencing Commission's alleged failure to adhere to its statutory mandate to maintain prison populations. All of these arguments must be rejected.

Bookless brought this action in the district court of Sedgwick County, where he was originally sentenced. Bookless is incarcerated, however, in Leavenworth County. An action under K.S.A. 60-1507 is not the appropriate means to raise challenges to the action or inaction of the Kansas Parole Board or the Kansas Sentencing Commission. *Cf. Lamb v. Kansas Parole Board,* 15 Kan. App. 2d 606, 608, 812 P.2d 761 (1991) (habeas corpus action under K.S.A. 60-1501 is the proper means to challenge any decision of the Kansas Parole Board).

Moreover, neither the Kansas Parole Board nor the Kansas Sentencing Commission has final say in determining the standards for which inmates are eligible for sentence conversion under the KSGA. The conversion of an indeterminate sentence "is an act of grace on the part of the legislature." *State v. Fierro,* 257 Kan. 639, 649, 895 P.2d 186 (1995). Because the legislature's standards for determining eligibility for conversion have been found to be constitutional, Bookless' claims in this regard must be rejected.

Finally, Bookless' reliance on K.S.A. 1992 Supp. 22-3717(n) and K.A.R. 44-6-107 is misplaced. Those provisions dealt with matters relating to parole eligibility. Such provisions cannot override the clear legislative intent in providing for only limited retroactivity of KSGA determinate sentences as set forth in K.S.A. 21-4724(b).

Affirmed.