NOT DESIGNATED FOR PUBLICATION

No. 116,532

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DALE M.L. DENNEY,
*Appellant*,

v.

KANSAS PRISONER REVIEW BOARD,
*Appellee*.


MEMORANDUM OPINION

Appeal from Labette District Court; ROBERT J. FLEMING, judge. Opinion filed March 17, 2017. Affirmed.

*Lucas J. Nodine*, of Nodine Legal, LLC, of Parsons, for appellant.

*Anne Gepford Smith*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., ATCHESON and BRUNS, JJ.


*Per Curiam*:  Dale M.L. Denney appeals the district court's summary dismissal of his habeas corpus petition. Denney alleges that the Kansas Prisoner Review Board (Board) denied him a fair hearing in three ways:  (1) by relying on facts from a conviction when that conviction was not before the Board; (2) by denying him the parole status effect of a sentence conversion; and (3) by disregarding evidence that the Board was required to consider. However, the Board adhered to its statutory directives and did not act in an arbitrary or capricious manner, so we affirm the district court's dismissal.

1

Denney was convicted of rape and aggravated burglary in 1987 (1987 Case). *State v. Denney*, 278 Kan. 643, 643, 101 P.3d 1257 (2004). Denney's "sentences were of indeterminate length, and his sentence begin date was January 7, 1988." 278 Kan. at 643-44. The indeterminate sentence was later converted to a 36-month determinate sentence. Denney was paroled on July 20, 1992. While Denney was on parole, he committed additional offenses which were dealt with in case numbers 93 CR 1343 (Case I) and 93 CR 1268 (Case II). In Case I, Denney was convicted of aggravated criminal sodomy, aggravated sexual battery, and an aggravated weapons violation. Denney committed these offenses in October 1992, so the Kansas Sentencing Guidelines Act (KSGA) did not apply. In Case II, Denney was convicted of aggravated criminal sodomy, aggravated battery, aggravated sexual battery, and an aggravated weapons violation. The crimes in Case II were committed after July 16, 1993, so the KSGA applied.

The charges in Case I were consolidated with the charges in Case II for trial. In Case I, the district court sentenced Denney to 6 to 20 years for aggravated sexual battery and 2 to 10 years for the aggravated weapons violation. These sentences "were to run concurrent with each other but consecutive to the aggravated criminal sodomy sentence of 30 years to life." 278 Kan. at 644. In Case II, the district court sentenced Denney to 228 months in prison, set to run consecutively to the sentence in Case I.

In 2016, Denney appeared before the Board for Case I (if paroled, Denney would begin serving the sentence for Case II). The Board denied Denney parole and passed Denney's case for further consideration to July 2020. The Board gave the following reasons for passing: "Serious nature/circumstances of crime; Denies responsibility; Failure on parole/probation; Objections." The Board gave the following reasons for the extended pass: "[The] inmate committed new crimes while on parole/incarcerated. The inmate's crime resulted in multiple victims and caused lasting impact on those victims.

The inmate has not demonstrated behavioral insights necessary to decrease his risk to reoffend." Denney filed a petition for writ of habeas corpus under K.S.A. 2016 Supp. 60-1501. The district court affirmed the Board's decision after finding that Denney "fail[ed] to provide any factual basis for support of his contention that the [Board's] denial of his parole was arbitrary and capricious."

Denney appealed.

ANALYSIS

An inmate may file a writ of habeas corpus under K.S.A. 2016 Supp. 60-1501 to seek review of a final order of the Board. *Swisher v. Hamilton*, 12 Kan. App. 2d 183, 185, 740 P.2d 95 (1987). "However, because parole is a privilege, a matter of grace exercised by the [Board], this court's review of the denial of parole is limited to whether the [Board] complied with applicable statutes and whether its action was arbitrary and capricious." *Payne v. Kansas Parole Board*, 20 Kan. App. 2d 301, 307, 887 P.2d 147 (1994). The Kansas Supreme Court "'has defined "arbitrary" to mean without adequate determining principles, not done or acting according to reason or judgment; . . . and "capricious" as changing, apparently without regard to any laws.'" *Robinson v. City of Wichita Employees' Retirement Bd. of Trustees*, 291 Kan. 266, 271, 241 P.3d 15 (2010) (quoting *Dillon Stores v. Board of Sedgwick County Comm'rs*, 259 Kan. 295, Syl. ¶ 3, 912 P.2d 170 [1996]). With this standard of review in mind, we turn to Denney's claims of error.

*The Board did not err by relying on information from a different case that was not before the Board.*

Denney's first argument is that the Board erred by considering the circumstances of Denney's other convictions in denying his parole for Case I. There was only one victim

3

in Case I, but one of the Board's extended pass reasons was that Denney's "crime resulted in multiple victims and caused lasting impact on those victims." Denney argues that this means that the Board "aggregated or at least drew upon facts from another case" and that this constituted an "improper comingling of information" under K.S.A. 2016 Supp. 22-3717(h).

K.S.A. 2016 Supp. 22-3717(h) states that that Board "shall consider . . . all pertinent information regarding such inmate." The statute then provides a nonexclusive list of pertinent information. K.S.A. 2016 Supp. 22-3717(h)(2). The list is nonexclusive because the statute says that the Board's consideration must include, but is not limited to, review of the factors in the list. K.S.A. 2016 Supp. 22-3717(h)(2).

Two of the factors listed in K.S.A. 2016 Supp. 22-3717(h)(2) are "the circumstances of the offense of the inmate" and "the previous social history and criminal record of the inmate." Denney argues that, because the statute lists these two factors separately, the statute does not "allow consideration of all circumstance[s] of any offense" on the inmate's criminal record.

By providing a nonexclusive list of factors in K.S.A. 2016 Supp. 22-3717(h)(2), the legislature gave the Board discretion to determine when information is pertinent. The legislature may have determined that requiring the Board to consider the circumstances of every offense committed by an inmate would not always be pertinent and, thus, excluded the consideration from the list of information the Board must consider. Here, the Board exercised its discretion when it decided that the circumstances of Denney's other crimes, specifically multiple victims, were pertinent to whether or not he should be granted parole. This exercise of discretion was not an error of law.

The Board's consideration was also not arbitrary or capricious. "An action is only arbitrary and capricious if it is unreasonable or lacks any factual basis." *Galloway v.*

4

*Kansas Parole Board*, No. 110,637, 2014 WL 2229548, at *1 (Kan. App. 2014) (unpublished opinion), *rev. denied* 300 Kan. 1103 (2014); see also *Parks v. Kansas Prisoner Review Board*, No. 111,412, 2014 WL 5801346, at *2 (Kan. App. 2014) (unpublished opinion) ("[W]e recognize the review board could not arbitrarily deny parole to an inmate—by flipping a coin, for example—or based on a protected class characteristic—such as race or religion."), *rev. denied* 301 Kan. 1047 (2015). A review of Denney's convictions shows that the Board had a factual basis for concluding that Denney's crimes had resulted in multiple victims. See *Denney*, 278 Kan. at 643-44 (reviewing the circumstances of Denney's convictions in Case I and Case II and showing that Denney's victims included his sister-in-law and his former girlfriend).

Because the Board did not make an error of law or act in an arbitrary or capricious manner, the district court did not err.

*The Board did not err by finding that Denney committed a new offense while on parole.*

Denney next argues that the Board enforced an illegal sentence by using the fact that he committed new offenses while on parole as a factor to deny his parole. Denney's sentence in the 1987 Case began on January 7, 1988. In 1992 and 1993, when Denney committed the offenses in Case I and Case II, Denney was on parole for the 1987 Case. Denney's indeterminate sentence for the 1987 Case was later converted to a determinate sentence of 36 months. Denney argues that this would make the end date of his 1987 Case sentence January 7, 1991. If Denney's sentence ended on January 7, 1991, he argues, then it is error to consider him as on parole when he committed the new offenses in 1992 and 1993.

This situation is analogous to *Heath v. Kansas Parole Board*, No. 109,813, 2014 WL 113476 (Kan. App. 2014) (unpublished opinion), *rev. denied* 299 Kan. 1269 (2014). There, Glenn Heath was convicted of first-degree felony murder and one count of felony

child abuse. The Kansas Supreme Court reversed the child abuse conviction, finding that double jeopardy required the offense to merge into the felony murder. 2014 WL 113476, at *1. The Board denied Heath's request for parole based, in part, on the findings that "'the victim was particularly vulnerable due to his age and relationship to [Heath]' and Heath's 'conduct during the commission of the crime manifested in excessive brutality of the victim.'" 2014 WL 113476, at *5. Heath argued that the Board wrongly considered information from the vacated child abuse conviction. The Court of Appeals disagreed, stating that the reversal of Heath's conviction "did not negate the existence of those facts or prevent their use by the [Board]." 2014 WL 113476, at *5.

Likewise, the conversion of Denney's 1987 Case sentence does not change the fact that Denney was on parole when he committed new offenses. Denney chose to reoffend while under court supervision—this is certainly pertinent for the Board to consider. As such, the Board did not enforce an illegal sentence or fail to adhere to applicable statutes.

*The Board properly considered all pertinent information before denying Denney's request for parole.*

Denney's final argument is that the Board disregarded evidence that it was required to consider by statute. Denney also argues that "[f]or the district court to summarily dismiss the petition means that the district court did not accept the facts alleged by the Petitioner as true in violation of *Hogue v. Bruce*, 279, Kan. 848, 850, 113 P.3d 234, 237 (2005)." Denney requests that his case be remanded for an evidentiary hearing because there is a material dispute of fact as to whether the Board considered all pertinent information.

Here, for the Board to have complied with applicable statutes, it was required by K.S.A. 2016 Supp. 22-3717(h)(2) to consider "all pertinent information regarding" Denney. This information includes, but is not limited to, the circumstances of the offense

6

and mental examination reports. K.S.A. 2016 Supp. 22-3717(h)(2). Denney recognizes that the Board's action notice stated that all statutory factors were considered. However, Denney argues that the Board failed to consider that his LSI-R showed a low to medium risk of recidivism. Denney also argues that the Board failed to consider his evidence that the victims recanted their testimony, which he classifies as circumstances of the offense.

Denney provides no evidence that the Board failed to consider his LSI-R which assessed him at a low to medium risk of recidivism. He also provides no evidence that the Board failed to consider the affidavit of one of the victim's ex-husband, which alleges that the victim recanted her testimony. The Board's action notice stated that the Board considered "all statutory factors," which would include the circumstances of the offense and psychological evaluations. See *Cook v. Riggin*, No. 109,920, 2014 WL 2403131, at *5 (Kan. App. 2014) (unpublished opinion) ("In addition, of course, the board said that it considered all of the statutory factors. Cook asks us to speculate that notwithstanding the board's statement, it did not consider proportionality. We cannot make that speculative assumption."); *Morris v. Kansas Dept. of Corrections*, No. 107,068, 2012 WL 3630283, at *4 (Kan. App. 2012) (unpublished opinion) (holding that the inmate's claim that the Board failed to consider proportionality was refuted by the fact that the Board's "ruling specifically included a statement that it had considered 'all statutory factors.'").

Furthermore, the Board did not act arbitrarily or capriciously when it determined that Denney had not demonstrated behavioral insights necessary to decrease his risk to reoffend. The Board might have thought that a low to medium risk of reoffending was too high. Additionally, the Board may have taken factors other than the LSI-R into account in making its decision that Denney did not demonstrate the behavioral insights necessary to decrease his risk to reoffend. For example, Denney's own parole portfolio reveals that his clinical services report assessed him at a medium to high risk for violence. This court has no "authority to substitute its discretion for that of the paroling authority in granting parole." *Lamb v. Kansas Parole Board*, 15 Kan. App. 2d 606, 608, 812 P.2d 761 (1991).

7

Nor did the Board act arbitrarily or capriciously in determining that the circumstances of the offense warranted passing on parole. Denney contends that his victims recanted their testimony. This contention is based on two things. The first is a letter from the ex-husband of P.D. (P.D. was the victim in Case I). This letter alleges that P.D. said that Denney did not sodomize her. The letter also alleges that A.L. (the victim in Case II) told P.D. that she falsely accused Denney. The second basis for Denney's contention is a journal entry dismissing a civil case brought by A.L.

Neither of these documents establish that the victims recanted. The letter is not even written by one of the victims, and it would be reasonable for the Board to conclude that it carried little weight relative to the sworn testimony of the victims. Equating A.L.'s dismissal of her civil case to recanting her testimony requires a quantum leap. In fact, in an affidavit also attached to the dismissal order, the victim states that she has read the transcript of her sworn testimony at trial and that it is true and correct. She further states that she "has suffered personal injury, pain, suffering and mental anguish as a result of the malicious, wanton and willful attack upon her by the defendant." This is hardly a recantation. Accordingly, it would be reasonable for the Board to conclude that the dismissal did not mitigate the circumstances of the offense. Furthermore, K.S.A. 2016 Supp. 22-3717(h) requires the State to notify victims of the time and place of public comment sessions at least 1 month prior to the parole hearing. Thus, the victims have an opportunity to directly address the Board.

There is no issue of material fact as to whether the Board followed the statutory mandate to consider all pertinent information about Denney. Denney is essentially requesting that this court reweigh the evidence, but this court cannot substitute its discretion for the Board. See *Lamb*, 15 Kan. App. 2d at 608. In sum, we do not find sufficient evidence to support a finding that the decision of the Board was arbitrary or capricious or that the Board misapplied the law. Thus, the district court did not err in summarily dismissing Denney's petition for habeas corpus.

Affirmed.