(920 P.2d 466)
No. 74,883

TERRY F. WALLING, *Appellant*, v. JAMES L. FRANCISCO and
CHRISTOPHER N. COWGER, KANSAS PAROLE BOARD, *Appellees*.

Opinion filed
July 5, 1996.

*Cheryl A. Marquardt*, of Leavenworth, for appellant.

No appearance by appellees.

Before PIERRON, P.J., RULON, J., and RICHARD W. WAHL, District
Judge Retired, assigned.

RULON, J.: Terry F. Walling, petitioner, appeals the district
court's summary denial of his petition for writ of habeas corpus
under K.S.A. 60-1501. Petitioner argues the Kansas Parole Board
(KPB) violated his rights to due process by conducting his parole
hearing with only two members of the parole board present.

Petitioner was convicted of a class B felony and sentenced to a
term of imprisonment of 20 years to life. In July 1994 he had a
parole hearing. According to petitioner, only two members of the
KPB attended that hearing.

Petitioner was subsequently notified that he had been passed for
parole for 3 years. The decision to pass him was allegedly made by

the two members of KPB who attended the hearing. The district court summarily denied his writ without holding a hearing.

## DUE PROCESS

"A habeas corpus action is the appropriate procedure for reviewing decisions of the Kansas Parole Board." *Torrence v. Kansas Parole Board*, 21 Kan. App. 2d 457, Syl. ¶ 1, 904 P.2d 581 (1995). The granting or denial of parole to an inmate is a matter of grace in this state and thus not a matter of fundamental right and does not involve a liberty interest. *Gilmore v. Kansas Parole Board*, 243 Kan. 173, 180, 756 P.2d 410, *cert. denied* 488 U.S. 930 (1988). Because parole is a privilege and a matter of grace exercised by the KPB, this court's review of the denial is limited to whether KPB complied with the applicable statutes and whether its actions were arbitrary and capricious. *Payne v. Kansas Parole Board*, 20 Kan. App. 2d 301, 307, 887 P.2d 147 (1994); see K.S.A. 22-3710.

The two statutes in question are K.S.A. 22-3709 and K.S.A. 22-3713. As this case requires the interpretation of statutes, the issues involved are questions of law and this court's scope of review is unlimited. *State v. Denny*, 258 Kan. 437, Syl. ¶ 1, 905 P.2d 657 (1995).

K.S.A. 22-3709 reads:

"(a) The chairperson and vice-chairperson of the Kansas parole board shall be designated by the governor. The chairperson of the board shall have the authority to organize and administer the activities of the board. The chairperson of the board may designate panels, consisting of three members of the board, which shall have the full authority and power of the board to order the denial, grant or revocation of an inmate's parole or conditional release, or for crimes committed on or after July 1, 1993, grant parole for off-grid crimes or revocation of post-release supervision or to order the revocation of an inmate's conditional release, upon hearing by one or more members of the panel. The director of the board shall act as secretary to the board.

"(b) Any decision of the Kansas parole board granting original parole to an inmate sentenced for a class A or class B felony or for off-grid crimes committed on or after July 1, 1993, shall be by unanimous vote of all members of the three-member panel acting on such parole except that, if two members of such panel vote to parole the inmate, the full membership of the board shall review the decision of the panel and may parole such inmate upon the vote of four members of the board."

K.S.A. 22-3713 reads in relevant part:

"The Kansas parole board shall appoint a state director of the parole board who may appoint and prescribe, with the approval of the parole board, the duties of a deputy director and other employees required to administer the provisions of this act. The parole board may authorize one or more of its members to conduct hearings on behalf of the parole board."

In this jurisdiction, statutory law requires the vote of two of the three members of the three-member panel before an A or B felon will be considered for parole by the entire board. Petitioner argues all three must be present at the hearing so that all three can hear the inmate and any relevant comments concerning his or her parole. Petitioner contends that absent a record of the vote of each member of the three-member panel, there is no way to tell if one of the two members present voted for parole. If one of the two did vote for parole, then petitioner argues the matter should have been forwarded for consideration by the entire board. He argues that conducting such a hearing without all three members being present is intolerable to fundamental fairness. As authority he cites *Swisher v. Hamilton*, 12 Kan. App. 2d 183, 740 P.2d 95, *rev. denied* 242 Kan. 905 (1987).

In *Swisher*, our court stated a petitioner's burden of proof to avoid summary dismissal of a habeas corpus petition:

"[T]he maintenance and administration of penal institutions are executive functions and, before courts will interfere, the institutional treatment must be of such a nature as to clearly infringe upon constitutional rights, be of such character or consequence as to shock the general conscience, or be intolerable to fundamental fairness. [Citation omitted.] Therefore, to avoid summary dismissal of a K.S.A. 60-1501 petition, allegations must be made of shocking and intolerable conduct or continuing mistreatment of a constitutional stature." [Citations omitted.] 12 Kan. App. 2d at 184-85.

K.S.A. 22-3713 states that the KPB may authorize one or more of its members to conduct hearings on behalf of the parole board. As such, the actions of the KPB under the facts presented are directly authorized by statute. Further, there is nothing in the record showing petitioner was indeed passed over for parole.

"It is appellants' burden to designate a record that is sufficient to present their points and to establish the claimed error. *Sterba v. Jay*, 249 Kan. 270, 280; 816

P.2d 379 (1991). Without an adequate record, plaintiffs' claim of alleged error fails. See, *e.g., State v. Dunn*, 249 Kan. 488, 496, 820 P.2d 412 (1991)." *Smith v. Printup*, 254 Kan. 315, 350, 866 P.2d 985 (1993).

Petitioner does not explain why having two members of the panel conduct the hearing, but requiring all three to vote on the parole application, is shocking to the general conscience or fundamentally unfair. Under the statutes, the legislature has set up a process by which, if recommended by two of the three members of a panel of the KPB, an A or B felon's parole will be considered by the entire five-member board. The statutes further provide that a hearing may be conducted by one or more members of the KPB. Petitioner cites no authority which has held such a procedure to be fundamentally unfair. Petitioner's claim that only those who attend the hearing vote on an inmate's parole is unsubstantiated by the record or the statute. Although the better practice would be, especially from the point of view of a court being asked to review such proceeding, that the KPB have all members of the three-person panel present at parole hearings and make a record of such hearings, such is not required by statute.

## STATUTORY INTERPRETATION

Petitioner asserts that K.S.A. 22-3709 somehow modifies the provisions of K.S.A. 22-3713. He claims the legislature clearly was concerned that A and B felons would not get a fair hearing if the KPB were allowed to enact its own procedures for dealing with such inmates. According to petitioner, the legislature enacted K.S.A. 22-3713 to ensure A and B felons would receive a fair hearing. Petitioner provides no support for such an assertion, and without such support this argument lacks merit.

Further, petitioner's stated issue does not match the argument he presents. Petitioner makes no contention in his brief, other than the caption of issue II, that the district court did anything improper. Petitioner simply argues that, by inference, K.S.A. 22-3709 modifies the express language of K.S.A. 22-3713.

"When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law

should or should not be." *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992).

" 'It is presumed the legislature understood the meaning of the words it used and intended to use them; that the legislature used the words in their ordinary and common meaning; and that the legislature intended a different meaning when it used different language in the same connection in different parts of a statute.' [Citation omitted.]" *Bank of Kansas v. Davison*, 253 Kan. 780, 788, 861 P.2d 806 (1993).

The KPB's actions here followed the express procedures in the statutes and cannot be arbitrary or capricious.

## SUMMARY DENIAL

Petitioner claims the district court erred when dismissing his cause without conducting a hearing.

The issue petitioner raised in the district court was only concerned with whether it was illegal for the KPB to conduct parole hearings on A and B felons without all three members being present.

"Proceedings on a petition for writ of habeas corpus filed pursuant to K.S.A. 60-1501 are not subject to the ordinary rules of civil procedure. According to K.S.A. 60-1505(a), '[t]he judge shall proceed in a summary way to hear and determine the cause.' In addition, the summary dismissal of a habeas corpus petition has been affirmed in a number of cases. [Citations omitted.]" 12 Kan. App. 2d at 184.

Because petitioner made no allegations of shocking and intolerable conduct or continuing mistreatment of a constitutional nature, the district court was acting well within its discretion in ruling on petitioner's writ in a summary fashion.

Affirmed.