NOT DESIGNATED FOR PUBLICATION

No. 115,123

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WILLIAM H. SNAVELY,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Labette District Court; ROBERT J. FLEMING, judge. Opinion filed December 2, 2016.
Affirmed.

*J. Gordon Gregory*, of Wilbert and Towner, P.A., of Pittsburg, for appellant.

*Fred W. Phelps, Jr.*, legal counsel, Kansas Department of Corrections, for appellee.

Before SCHROEDER, P.J., BUSER, J., and WALKER, S.J.

*Per Curiam*: William Snavely, an inmate at the El Dorado Correctional Facility,
appeals the district court's summary dismissal of his K.S.A. 2015 Supp. 60-1501 petition.
On appeal, Snavely contends Warden James Heimgartner and the Kansas Department of
Corrections (KDOC) violated his right to due process as a result of disciplinary
proceedings brought against him for violation of a prison rule.

Upon our review of Snavely's petition, we conclude he has failed to allege
"shocking and intolerable conduct or continuing mistreatment of a constitutional stature."
See *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). Accordingly, upon our

1

finding that Snavely's claim does not implicate any constitutionally protected interest, we affirm the district court's summary dismissal of his K.S.A. 2015 Supp. 60-1501 petition.

FACTUAL AND PROCEDURAL BACKGROUND

In 2015, Snavely received a disciplinary report for being in a restricted area of the correctional facility. The correctional officer who wrote the report indicated that Snavely had his wheelchair inside a clearly marked restricted area. After a prison administrative hearing, Snavely was found guilty of the violation and given a punishment of "7 days restriction." Snavely pursued an internal appeal, which was unsuccessful.

Following the exhaustion of his remedies within the prison facility, Snavely filed the K.S.A. 2015 Supp. 60-1501 petition which is the subject of this appeal. In the petition, Snavely contended his conviction was a violation of his right to due process because the rules pertaining to the restricted area were unclear and he was unaware of exactly what behavior was expected of him. Snavely also claimed the hearing officer was biased and Snavely was not allowed to present certain witnesses at the prison disciplinary hearing. Of particular importance to the resolution of this appeal, Snavely asserted that he was deprived of a constitutionally protected liberty interest upon his disciplinary conviction because the Kansas Prisoner Review Board (KPRB) had previously informed Snavely that he needed to be free of disciplinary convictions if he wanted to be considered for parole in 2017.

In response to Snavely's petition, Warden Heimgartner and the KDOC filed a motion to dismiss contending that Snavely's petition should be denied for his failure to show that a property or liberty interest was at issue.

In considering the matter, the district court acknowledged the circumstances surrounding Snavely's disciplinary conviction may have been unfair. However, assuming

2

everything that Snavely alleged was true, the district court found that Snavely failed to prove KDOC's conduct was shocking and intolerable or a continuing mistreatment of a constitutional stature. Accordingly, the district court summarily denied Snavely's petition. In response, Snavely filed a motion to alter or amend, which was also denied.

Snavely appeals the district court's summary denial of his K.S.A. 2015 Supp. 60-1501 petition.

ANALYSIS

On appeal, Snavely has two complaints. First, he claims his disciplinary conviction is invalid because KDOC failed to publish a "rule or law about the restricted area" which he occupied without authorization. Second, Snavely argues his rights were violated when the hearing officer did not permit him to call certain witnesses. Snavely asserts these witnesses would have testified that he was given permission to be in the restricted area.

In response, KDOC argues that the district court did not err in summarily dismissing Snavely's petition because no constitutional violation occurred. In particular, KDOC points out that Snavely does not claim that he was monetarily fined or lost any earned good time credits—punishment that would constitute a constitutionally protected property or liberty interest. Absent any violation of a constitutionally protected interest, KDOC asserts the district court properly denied Snavely's petition.

In considering this appeal, our standard of review provides that an appellate court exercises unlimited review over cases wherein a district court summarily denies a K.S.A. 2015 Supp. 60-1501 petition. *Johnson*, 289 Kan. at 648.

The central issue for our consideration is whether Snavely has met the threshold standard for pursuing relief under K.S.A. 2015 Supp. 60-1501. In summarily dismissing Snavely's petition, the district court correctly stated that it was Snavely's burden to show KDOC's conduct was shocking and intolerable or a continuing mistreatment of a constitutional stature. See 289 Kan. at 648; *Anderson v. McKune*, 23 Kan. App. 2d 803, 807, 937 P.2d 16 (1997). The district court concluded, "it would be a reach, at best, to characterize the decision in this case as shocking and intolerable." We agree.

To state a claim for relief under K.S.A. 2015 Supp. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson*, 289 Kan. at 648. Any analysis of a K.S.A. 2015 Supp. 60-1501 petition involves a determination as to whether the inmate's Fourteenth Amendment right to due process was violated. And a threshold determination in this regard is whether the State has deprived the inmate of life, liberty, or property. *Johnson*, 289 Kan. at 649.

In this case, the undisputed evidence shows that Snavely was put on restriction for 7 days. Snavely asserts this conviction and punishment constitutes a violation of his liberty interest because "the K.D.O.C. [KPRB] instructed [Snavely] to remain free from any disciplinary convictions in order for [him] to obtain [p]arole in 2017." In other words, Snavely views his purportedly wrongful conviction and punishment as implicating his liberty interest in being granted parole in 2017.

At the outset, we find Snavely's factual basis for establishing a liberty interest is overstated. On March 13, 2014, KPRB issued an action notice which passed Snavely for further parole consideration until April 2017. This notice also contained the "recommendation" that Snavely "remain free of disciplinary reports" in the future. Snavely inaccurately presents this simple, common sense advice as a condition precedent to his obtaining parole in 2017. However, nothing in the action notice stated that Snavely would be denied parole in 2017 if he received a disciplinary violation.

4

Moreover, the action notice lists several other reasons why Snavely was denied parole in 2014, including the serious nature and circumstances of the crime, objections to parole, and his failure to demonstrate "behavioral insights necessary to decrease his risk to re-offend." Some of these reasons, *i.e.*,"serious nature and circumstances of the crime" which supported KPRB's denial of parole in 2014, will still be relevant (apart from any issue regarding disciplinary violations) in 2017 when KPRB reconsiders Snavely's application for parole. In sum, we find the factual basis for Snavely's claim that he sustained a deprivation of liberty is speculative.

Apart from the conjectural nature of the factual basis of Snavely's constitutional claim, the inmate also fails to provide any statutory or caselaw support that he has sustained a constitutional violation. At best, Snavely analogizes the possible denial of parole in 2017 to the loss of earned good time credits which the Kansas Supreme Court has held implicates an inmate's protected liberty interest. See *Kesterson v. State*, 276 Kan. 732, Syl. ¶ 2, 79 P.3d 1074 (2003). We find this analogy to be inexact.

Unlike the actual loss of earned good time credits, at the present time Snavely has not lost any liberty interest. On the contrary, this case is more analogous to a situation where an inmate loses *future* good time credits not yet earned. In that circumstance, our Supreme Court has held that a prisoner has no protected liberty interest. See *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, Syl. ¶ 8, 24 P.3d 128 (2001). Moreover, disciplinary segregation, similar to a 7-day restriction, does not rise to the level of a constitutionally protected interest. See *Murphy v. Nelson*, 260 Kan. 589, Syl. ¶ 9, 921 P. 2d 1225 (1996).

In conclusion, parole is a privilege and a matter of grace exercised by KPRB. *Walling v. Francisco*, 22 Kan. App. 2d 588, 589, 920 P.2d 466 (1996). Even if Snavely had been able to remain free of disciplinary convictions, his parole status is still uncertain and unknowable. Snavely has not shown that the speculative possibility of obtaining

parole in the future constitutes a protected liberty interest today. For this reason, we hold the district court did not err in summarily dismissing Snavely's K.S.A. 2015 Supp. 60-1501 petition.

Affirmed.