NOT DESIGNATED FOR PUBLICATION

No. 115,020

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TERRY WALLING,
*Appellant*,

v.

JEANNIE WARK and
KANSAS DEPARTMENT OF CORRECTIONS,
*Appellees*.


MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed December 23, 2016. Affirmed.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Sherri Price*, special assistant attorney general, Lansing Correctional Facility, for appellee.

Before GARDNER, P.J., ATCHESON, J., and STUTZMAN, S.J.

*Per Curiam*: Terry Walling filed a 60-1501 petition for writ of habeas corpus, alleging he should have been exempt from the imposition of parole supervision fees because he was indigent. Finding no error in the district court's denial of that petition, we affirm.

*Factual and procedural background*

Walling was convicted of rape in 1984 and has been paroled on several occasions. *Walling v. State*, No. 114,186, 2016 WL 3407363, at *1 (Kan. App. 2016) (unpublished opinion). During these periods of parole, he was assessed a $25 per month parole supervision fee. When he was re-incarcerated in June 2013, he was given a statement showing a balance of past due fees totaling $2,260. Walling then began "informal inquiry" regarding why he was assessed fees because he believed he was exempt based on indigency.

Walling filed a request for reversal of supervision fees with the supervision fee clerk on February 13, 2014, and, without waiting for a response to his request, filed a complaint/grievance with the warden and the Secretary on March 7, 2014. On March 10, 2014, he received a response to his request: Jeannie Wark, parole services specialist and respondent here, reversed fees of $225 for January 2007 to September 2007, a period when Walling was receiving workers compensation payments because he was unable to work. Wark noted that records showed he was receiving $480 per week in workers compensation and took a vacation to Kentucky with his wife during that timeframe.

On March 21, 2014, the warden responded to Walling's complaint/grievance, stating that "no further action is necessary" on the grievance and advising Walling of his right to appeal to the Secretary. Walling timely filed an appeal to the Secretary. The Secretary's response on that appeal stated that no action was taken because "response rendered to the inmate by staff at the facility is appropriate."

Walling filed this K.S.A. 60-1501 petition 30 days later. See K.S.A. 60-1501(b) (providing that an inmate must file a petition for a writ of habeas corpus within 30 days of the date the action was final, but the time is extended during the pendency of the inmate's timely attempts to exhaust his or her administrative remedies). The district court

2

held a hearing and issued a memorandum decision finding that "the only evidence of [Walling's] 'knowledge' [of the fees] is a copy of the plaintiff's Current Bank Status dated 2/01/2014 showing the outstanding 'obligations and fees owed' at $2,260. Thus his grievance/letter filed February 13, 2014, would have been within 30 days of discovery and thus timely." See K.A.R. 44-15-101b (providing that grievance must be filed within 15 days from the date of the discovery of the event giving rise to the grievance).

In its memorandum decision of August 3, 2015, the district court granted Wark's motion to dismiss and denied the writ. The district court found the evidence showed Walling had assets inconsistent with his claim of poverty and was "not entitled to a retroactive finding of indigency." The district court found that Walling "failed to maintain the burden of proof that he was unfairly assessed the supervision fee." Walling timely appeals.

*Standard of Review*

Where there has been a hearing, we review the district court's granting of a motion to dismiss to determine whether its findings of fact are supported by substantial, competent evidence and whether those findings are sufficient to support its conclusions of law. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004).

*Did respondents violate Walling's right to due process?*

Walling's petition requests only that the court reverse all parole supervision fees. Walling claims that he should have been exempted from parole supervision fees because he was indigent under the factors listed in the Internal Management Policy and Procedures (IMPP) manual. He claims that his due process rights were infringed by Wark's failure to follow these procedures and that he should have been exempted from

3

the imposition of fees, pursuant to K.A.R. 44-5-115, because he was "classified indigent pursuant to IMPP 14-107."

IMPP 14-107 provides that when a request for indigency status is presented to the parole supervisor, he or she is to consider several factors including a comparison of the offender's monthly income to their expenses. Walling argues that "respondents failed to adequately consider his inability to work due to a medical condition and his persistent status [on] worker's compensation in relation to his monthly expenses. This failure to even consider these factors violates petitioner's right to due process." But the record shows that Wark specifically considered that very factor—she reversed some of the supervision fees ($225 from January 2007 to September 2007) because Walling was receiving $480 per week in workers compensation payments when he was unable to work.

We briefly address Walling's more general claims of a due process violation. A determination of whether a due process claim is stated requires a two-step analysis. First, a court must analyze whether the State has deprived the petitioner of life, liberty, or property. If so, the court next determines the extent and the nature of the process due. *Hogue v. Bruce*, 279 Kan. 848, 850-51, 113 P.3d 234 (2005).

Walling's petition, even liberally construed, does not allege a liberty interest. But even had the petition alleged such an interest, Walling would not have prevailed in showing a due process violation. We have previously held that IMPP 14-107 does not create a liberty interest protected by due process because the determination of indigency rests within the discretion of the parole supervisor. *Henry v. Cline*, No. 95,123, 2006 WL 2265166, at *4 (Kan. App. 2006) (unpublished opinion). Moreover, in ruling on one of Walling's previous habeas corpus cases, we affirmed the summary dismissal of his petition, stating that "[t]he granting or denial of parole to an inmate is a matter of grace in this state and thus not a matter of fundamental right and does not involve a liberty

4

interest. [Citation omitted.]" *Walling v. Francisco*, 22 Kan. App. 2d 588, 589, 920 P.2d 466 (1996). We find those rulings to be well reasoned and conclude that Walling had no liberty interest in being declared indigent.

Walling's petition does mention a property interest and, liberally read, alleges he is entitled to notice and an opportunity to be heard. But Walling fails to show he was unconstitutionally deprived of a protected property interest. Walling neither sought an indigency classification while the fees were being assessed, nor provided evidence of indigency in his request for reversal of fees or in his grievances leading up to this petition. He asserts that he was "classified indigent pursuant to IMPP 14-107" but does not cite any document supporting that conclusion. Further, he did not support his conclusory statements regarding his monthly income and expenses during his parole supervision.

Instead, the evidence showed Walling had assets inconsistent with his claim of poverty. At the second hearing, a parole officer testified that records from Walling's meetings with his parole officers showed many factors that would not "lend themself [*sic*] to an officer having a conversation with him about him being indigent." The parole officer specified that the records showed Walling "was employed quite a bit of the time. He talks at one point about having to sell one of his two cars, a Lincoln Navigator, to help pay some bills. He talks about maintaining and owning two different homes." We find substantial, competent evidence that even if Walling had sought indigency status, he would not have qualified. The district court thus properly found that Walling was not entitled to a retroactive finding of indigency because he failed to maintain his burden of proof.

To the extent Walling's petition could be read to allege a due process violation by failing to provide for a hearing before assessing the supervision fees, we reject that claim based on the reasoning in *Holloway v. Cline*, No. 96,917, 2007 WL 959702 (Kan. App.

5

2007), and *Henry v. Cline*, 2006 WL 2265166, at \*4-5. Plaintiff's interest in avoiding an erroneous assessment of $25 against his inmate trust account is not compelling because (1) plaintiff has an opportunity to contest an erroneous assessment through the prison grievance process; (2) the risk of erroneous deprivation is minimal because the plaintiff had prior notice of the fees, and the collection of outstanding fees involves routine matters of accounting; and (3) the collection of supervision fees advances a policy of offender accountability and rehabilitation and reimburses the State of Kansas for services provided, while requiring a pre-deprivation hearing would substantially increase the burdens of enforcement.

Affirmed.