### No. 48,421

WILLIAM LeROY BREIER, *Appellant,* v. R. R. RAINES, *Appellee.*

(559 P. 2d 813)

Opinion filed January 22, 1977.

*E. Roger Horsky,* of Leavenworth, was on the brief for the appellant.

*Curt T. Schneider,* attorney general, *Roger M. Theis,* assistant attorney general, and *Kenneth Doyle,* institution attorney, Kansas State Penitentiary, were on the brief for the appellee.

*Per Curiam:* This is an appeal from the order of the trial court denying William LeRoy Breier (petitioner-appellant) a hearing upon his writ of habeas corpus pursuant to K. S. A. 60-1501 and dismissing the appellant's action.

When this action was filed appellant was confined in the Kansas State Penitentiary serving a sentence for robbery. He alleges he was sexually assaulted by another inmate on June 16, 1973; he was not permitted to see a doctor for ten days after the assault, and he was denied an opportunity to file criminal charges in the district court of Leavenworth County against his assailant.

The record shows appellant received medical attention. (See *Coppinger v. Townsend,* 398 F. 2d 392 [10th Cir. 1968]; and *Paniagua v. Moseley,* 451 F. 2d 228 [10th Cir. 1971].) Upon appellant's complaint the attacker was "disciplined" by the prison authorities complying with the administrative rules of procedure. Nowhere is there a showing that the mistreatment claimed by appellant was continuing or probably would continue. Likewise there is no showing of abuse or caprice upon the part of prison officials. In fact, a damage suit in federal district court against prison officials founded on the facts in this case was dismissed because appellant failed to show obvious neglect or intentional mistreatment. (*Breier v. Atkins,* L-2737 [D. Kan. 1975].)

The trial court properly ruled that "the petition fails to state a claim upon which relief can be granted in a habeas corpus proceeding."

Continuing, or probable continuing, mistreatment must be shown to support an action in habeas corpus. (*Levier v. State,* 209 Kan.

442, 497 P. 2d 265.) Furthermore, responsible prison administration is not subject to judicial review in the absence of actions constituting clear abuse or caprice upon the part of prison officials. (*Levier v. State,* supra.)

The judgment of the lower court is affirmed.