(740 P.2d 95)

No. 59,460

PAUL T. SWISHER, *Appellant,* v. JOAN M. HAMILTON, *et al.,*
*Appellees.*

Opinion filed May 28, 1987.

*Louis M. Clothier,* of Davis, Beall, McGuire & Thompson, Chartered, of Leavenworth, for the appellant.

*Timothy G. Madden,* special assistant attorney general, for appellees Maschner, Barbara, and Department of Corrections.

*John K. Bork,* assistant attorney general, for appellees Joan M. Hamilton and Kansas Parole Board.

Before ABBOTT, C.J., PARKS and BRAZIL, JJ.

PARKS, J.: Petitioner, Paul T. Swisher, appeals from the trial court's order dismissing his petition for a writ of habeas corpus.

The first issue is whether petitioner's claims are barred by the doctrine of res judicata.

Defendants Maschner, Barbara, and the Kansas Department of Corrections contend that the petitioner raised his need for psychiatric treatment in a previous habeas action. They contend that the doctrine of res judicata bars not only the treatment issue raised by the petitioner, but also precludes all other issues raised by the petitioner because the doctrine prevents the splitting of a single cause of action or claim into two or more suits.

The record does not indicate that petitioner raised these same issues in his previous habeas action. The petition filed in the earlier case stated only a conclusionary contention that petitioner was held illegally, unlawfully, and unconstitutionally without specifying the factual basis for the contention.

In *In re Estate of Reed*, 236 Kan. 514, 519, 693 P.2d 1156 (1985), the court stated the requirements for establishing res judicata:

"An issue is res judicata when there is a concurrence of·four conditions: (1) identity in the things sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity in the quality of the persons for or against whom the claim is made. *Kumberg v. Kumberg*, 232 Kan. 692, Syl. ¶ 6, 659 P.2d 823 (1983); *Adamson v. Hill*, 202 Kan. 482, 487, 449 P.2d 536 (1969)."

See *McDermott v. Kansas Public Serv. Co.*, 238 Kan. 462, 473, 712 P.2d 1199 (1986).

Since the petitioner alleges a different basis for his cause of action in the present case and has named different party defendants, we conclude that the petitioner is not precluded from asserting his claims because of the doctrine of res judicata.

The petitioner contends that the trial court erred in dismissing his petition because discovery had not been completed and issues of material fact remained unresolved.

Proceedings on a petition for writ of habeas corpus filed pursuant to K.S.A. 60-1501 are not subject to the ordinary rules of civil procedure. According to K.S.A. 60-1505(a), "[t]he judge shall proceed in a summary way to hear and determine the cause." In addition, the summary dismissal of a habeas corpus petition has been affirmed in a number of cases. See *Breier v. Raines*, 221 Kan. 439, 559 P.2d 813 (1977); *Highman v. Marquez*, 5 Kan. App. 2d 158, 160, 613 P.2d 394 (1980). These cases reflect adherence to the principle that the maintenance and administration of penal institutions are executive functions and, before courts will interfere, the institutional treatment must be of such a nature as to clearly infringe upon constitutional rights, be of such character or consequence as to shock the general conscience, or be intolerable to fundamental fairness. *Levier v. State*, 209 Kan. 442, 451, 497 P.2d 265 (1972). Therefore, to avoid summary dismissal of a K.S.A. 60-1501 petition, allegations must be made of shocking and intolerable conduct or continuing mistreatment

of a constitutional stature. See, *e.g., Wright v. Raines,* 1 Kan. App. 2d 494, 499-501, 571 P.2d 26, *rev. denied* 222 Kan. 749 (1977), *cert. denied* 435 U.S. 933 (1978) (challenge to hair length regulations where petitioner alleged to have legitimate belief in an established religion that prohibits cutting hair).

From the petition and the remarks of petitioner at the March 15, 1985, hearing, we discern three distinct issues, two of which concern the actions of the Kansas Adult Authority and a third allegation which challenges the actions of both the adult authority and corrections officials. In sum, the petitioner charges the adult authority has unlawfully passed any consideration of parole for petitioner until his conditional release date in 1989 and relied upon false evidence to deny his past requests for parole. In addition, petitioner alleges the prison authorities have acted with deliberate indifference to his need for treatment for his XYY chromosomal abnormality and the adult authority has relied on the failure of the corrections department to provide such treatment as a justification for the denial of his parole requests.

Initially, we note that a habeas corpus action is an appropriate proceeding in which to review decisions of the adult authority or parole board. *Johnson v. Stucker,* 203 Kan. 253, 259, 453 P.2d 35, *cert. denied* 396 U.S. 904 (1969). However, *Johnson* also stated that "[p]arole from confinement in a penal institution prior to serving all of an imposed sentence is a privilege, a matter of grace, and no constitutional right is involved." *Johnson,* 203 Kan. at 257. Therefore, the court's inquiry is limited to whether the authority complied with applicable statutes and whether its action was arbitrary and capricious. K.S.A. 22-3710; *Johnson,* 203 Kan. at 260. See *In re Uphoff,* 7 Kan. App. 2d 301, 306, 641 P.2d 406 (1982). The district court has no authority to substitute its discretion for that of the authority in granting parole. If there is a serious due process violation or if the authority abuses its discretion, the district court can only remand the case to the Kansas Adult Authority with instructions to grant the proper hearing and make the proper findings. *Uphoff,* 7 Kan. App. 2d at 306.

Petitioner alleges the adult authority denied him parole each year from 1981 to 1984 when it passed further consideration of the possibility of his parole until petitioner's conditional release date. He contends that this decision deprives him of the right

guaranteed by K.S.A. 1986 Supp. 22-3717 to a hearing at "intervals." The statute states in pertinent part as follows:

"Prior to each parole hearing and, if parole is not granted, at such intervals thereafter as it determines appropriate, the Kansas parole board [formerly Kansas Adult Authority] shall consider all pertinent information regarding each inmate . . . ." K.S.A. 1986 Supp. 22-3717(g).

The statute vests discretion in the authority to determine the frequency of parole hearings and does not require any specified interval. In addition, while further consideration of petitioner's request for parole has been passed by the authority to his conditional release date, the regulations promulgated by the authority indicate that the authority retains the discretion to advance the hearing of any request. K.A.R. 45-6-2 (1986 Supp.). Petitioner is not deprived of the opportunity to request earlier parole. Therefore, the petitioner's allegation regarding the frequency of the hearings permitted by the authority does not reveal any violation of law or arbitrary conduct.

The petitioner's complaint concerning the authority's alleged reliance on false evidence was addressed by the adult authority in an appeal pursuant to K.A.R. 45-4-6 (1986 Supp.). The authority denied the request for a rehearing of the parole request after determining that petitioner had failed to provide substantial new evidence to justify such a course of action. Petitioner has failed to allege any way in which this action violated the authority's regulations or reflected arbitrary conduct. Instead, petitioner simply asserts his disagreement with the decision of the authority. As stated by the trial court, it is not within the province of the courts to review the authority's exercise of its discretion to grant or deny parole. No proper basis for review of this issue having been raised, the court properly dismissed it in a summary fashion.

Petitioner's final allegation that corrections officials failed to provide him with proper medical treatment could raise a constitutional issue if the conduct alleged reveals a deliberate indifference by prison personnel to a prisoner's serious illness or injury. *Estelle v. Gamble*, 429 U.S. 97, 104, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976). However, the allegation made by petitioner is not that he has been denied access to psychological or psychiatric treatment but that he has not been afforded the type of

treatment necessitated by his chromosomal condition. Thus, petitioner quarrels with the manner of treatment available to him and does not allege circumstances suggesting a reckless indifference to a need for treatment.

We conclude the trial court properly denied petitioner any relief on his writ.

Affirmed.