No. 116,232

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ALAN WHITE,
*Appellant*,

v.

BILL SHIPMAN, Deputy Warden, *et al.*,
*Appellees*.

SYLLABUS BY THE COURT

1.

A K.S.A. 60-1501 proceeding is summary in nature and is not subject to the ordinary rules of civil procedure.

2.

The statutes authorizing a K.S.A. 60-1501 proceeding and prescribing the procedure for its disposition do not specifically provide for a manner of discovery.

3.

In a K.S.A. 60-1501 proceeding, discovery is almost never appropriate and is subject to the broad discretion of the district court.

4.

To state a claim for relief under K.S.A. 60-1501, a petition must allege shocking and intolerable conduct or continuing mistreatment of a constitutional stature.

5.

If on the face of a K.S.A. 60-1501 petition, it can be established that the petitioner is not entitled to relief, or if, from undisputed facts, or from incontrovertible facts, such as

those recited in a court record, it appears, as a matter of law, that no cause for granting a writ exists, then summary dismissal is proper.

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed April 28, 2017. Affirmed.

*Alan White*, appellant pro se.

*Sherri Price*, special assistant attorney general, of Lansing Correctional Facility, for appellees.

Before PIERRON, P.J., HILL, J., and WALKER, S.J.

PIERRON, J.: On August 17, 2015, Alan White, an inmate at Lansing Correctional Facility (Lansing), received a notice that the Kansas Department of Corrections (KDOC) had rejected his August 22, 2015, issue of World magazine because the contents posed a threat to the safety and security of correctional facilities in violation of K.A.R. 44-12-601. The notice specified the objectionable material was on pages 7 and 24, but it did not provide any explanation for why the material was a violation. On August 20, 2015, White received a notice that KDOC had rejected his September 2015 issue of NASCAR Illustrated because the magazine posed a threat to the safety and security of correctional facilities in violation of K.A.R. 44-12-601. The notice specified the objectionable material included maps. On September 16, 2015, White received a notice that KDOC had rejected the book Makeup to Breakup by Peter Criss because parts of the book met the criteria for sexually explicit material pursuant to K.A.R. 44-12-313.

White appealed the censorship of all three publications. KDOC upheld each censorship. White filed a petition pursuant to K.S.A. 60-1501. He argued that KDOC violated his rights under the First Amendment to the United States Constitution because the censored material did not meet the criteria for censorship under the K.A.R. 44-12-313 or K.A.R. 44-12-601. He also argued the censorship regulations were vague and

2

overbroad and allowed for subjective enforcement in violation of his due process rights under the Fourteenth Amendment to the United States Constitution. The district court issued the writ and scheduled an evidentiary hearing for February 11, 2016.

Before the evidentiary hearing, KDOC filed a motion to dismiss, arguing White had failed to state a valid claim. The motion stated KDOC had overturned the censorship of the August 22, 2015, issue of World magazine in another appeal, therefore, that issue was moot. KDOC explained it rejected the September 2015 issue of NASCAR Illustrated because it contained maps of the Chicago area, and maps could aid an inmate in escaping and avoiding capture. It argued that in *McCormick v. Werholtz*, No. 07-2605-EFM, 2009 WL 5210845 (D. Kan. 2009) (unpublished opinion), the United States District Court for the District of Kansas had upheld the censorship of a book with similar content. KDOC argued the reasons justifying the censorship in *McCormick* applied in the present case. Finally, KDOC stated it censored Makeup to Breakup because the book contained "explicit descriptions of sexual acts including those with a minor." It argued the Kansas Court of Appeals upheld the censorship of sexually explicit materials in *Washington v. Werholtz*, 40 Kan. App. 2d 860, 197 P.3d 843 (2008), *rev. denied* 289 Kan. 1286 (2009), and the censorship of White's book was appropriate for the same reasons.

Several weeks after its motion to dismiss, KDOC filed a motion to stay discovery. KDOC stated White had served it with interrogatories and a request for production of documents and things. KDOC requested the district court stay discovery until it ruled on its motion to dismiss.

At the hearing on February 11, 2016, the district court heard arguments from both parties regarding KDOC's motion to dismiss. The court denied the motion and asked if White would like to testify regarding the matter. White asked for a continuance to complete discovery in the case. The court believed that the full extent of discovery was not available in habeas proceedings but asked for KDOC's opinion on the issue. KDOC

3

argued that there was no information relevant to the issues in this case which it could provide to White. KDOC stated it could provide the censored materials to the court to review, but it would not give those materials to White. Additionally, it argued White's requested information raised security concerns. The court ruled discovery was not appropriate in the present case but continued the evidentiary hearing to give White time to prepare.

On February 29, 2016, White filed a motion to alter or amendment judgment. He argued the rules of discovery as provided for in the Kansas Code of Civil Procedure applied to K.S.A. 60-1501 petitions. He requested the district court reverse its prior ruling and enter an order compelling KDOC to comply with his prior discovery requests. White also filed the discovery requests he served on KDOC.

On March 3, 2016, the district court issued an order in response to White's motion to alter or amend judgment. The court stated it believed it denied White's request for discovery at the February 11 hearing, but the docket notes did not reflect the ruling. It also stated, "The court will take up the motion on March 17, 2016. If granted, the evidentiary hearing will be rescheduled. If denied, the court will proceed with the evidentiary hearing as scheduled."

On March 17, 2016, the district court held an evidentiary hearing. The court informed White that the purpose of the hearing was to hear any evidence he had to support his argument regarding KDOC's censorship and asked if White had any witnesses to call. White requested that the court first address his motion to alter or amend its previous ruling denying discovery.

After hearing arguments from both parties, the court agreed with KDOC that the rules of discovery did not apply to K.S.A. 60-1501 proceedings. The following colloquy then took place:

4

"[THE COURT:] So at this time, I think I want to move forward with the case, . . . deny the request for interrogatories and request for production of documents and proceed with the evidentiary hearing.

"Now if you think that you need more time to prepare your evidentiary hearing, then we can reschedule and come back. Or if you're ready to go forward with the evidentiary hearing, then—without discovery, then let's go ahead.

"What do you say?

"[WHITE]: Judge, I don't think we can even—even go forward without the discovery. You know, [KDOC] stated that the discovery requests were wide ranging and that they covered other publications and they don't, Judge. The discovery request is narrowly tailored to the three publications that were censored. And without allowing discovery, this case really can't go forward without the—to prove the facts of the case."

The district court proceeded to question White as to why he needed the specific information he was requesting to prove his case. White argued the information might be necessary in order to demonstrate that KDOC was applying the rules arbitrarily. After hearing White's further arguments in support of his discovery requests, the court asked if KDOC had any evidence to present. KDOC provided portions of each of the censored materials. After taking KDOC's exhibits into evidence, the court informed White it would take his discovery requests under further advisement.

On March 30, 2016, KDOC filed a response to White's request for discovery. KDOC objected to White's requests "on the grounds that the discovery procedures set out in Chapter 60 do not apply to petitions filed pursuant to K.S.A. 60-1501." KDOC argued that K.S.A. 60-1501 petitions are not subject to the ordinary rules of civil procedure, and the purpose of discovery is inapplicable in such proceedings. It also argued White's requested information was irrelevant to the issue at hand. White filed a reply, arguing that KDOC's response was untimely and that he was entitled to the discovery process.

5

On June 16, 2016, the district court issued a decision denying White's K.S.A. 60-1501 petition. The court found that the censored materials met the criteria laid out in KDOC's regulations, and those regulations were not vague or overbroad. The court further held that the rules of discovery were not applicable to habeas proceedings pursuant to K.S.A. 60-1501, and White's discovery requests did not seem relevant to the issue. White appeals.

*Did the District Court Err in Denying White an Opportunity for Discovery Related to His Claim?*

White first argues the district court erred in denying his discovery requests. He asserts the Kansas Legislature clearly intended for the rules of discovery to apply to K.S.A. 60-1501 petitions. He also contends that K.S.A. 60-1501 proceedings are related to K.S.A. 60-1507 proceedings, and the rules of civil procedure apply in K.S.A. 60-1507 proceedings. Finally, he argues his discovery requests were both relevant and reasonable.

KDOC argues the district court did not err, because the rules of discovery do not apply to K.S.A. 60-1501 petitions. It contends K.S.A. 60-1501 proceedings are summary in nature and are not subject to the ordinary rules of civil procedure. It points out that the rules of discovery are *not* applicable to K.S.A. 60-1507 motions and should similarly not be applicable to K.S.A. 60-1501 petitions. It also asserts White's discovery requests were not relevant to the issues before the district court.

*Standard of Review*

Generally, this court reviews a district court's decision on a K.S.A. 60-1501 petition to determine whether substantial competent evidence supports the district court's factual findings and whether those factual findings are sufficient to support the court's conclusions of law. This court reviews the district court's conclusions of law de novo.

6

*Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004); *Hooks v. State*, 51 Kan. App. 2d 527, 530, 349 P.3d 476 (2015). White's particular argument, however, requires interpretation of the Kansas Code of Civil Procedure. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

*Are Discovery Rules Applicable to K.S.A. 60-1501 Proceedings?*

A K.S.A. 60-1501 habeas proceeding is civil in nature, but Kansas courts have held it is not subject to the ordinary rules of civil procedure. *Bankes v. Simmons*, 265 Kan. 341, 349, 963 P.2d 412, *cert. denied* 525 U.S. 1060 (1998); *Swisher v. Hamilton*, 12 Kan. App. 2d 183, 184, 740 P.2d 95, *rev. denied* 242 Kan. 905 (1987). The statutes authorizing K.S.A. 60-1501 proceedings and prescribing the procedure for their disposition establish that such proceedings are summary in nature and "[t]he judge shall proceed in a summary way to hear and determine the cause." K.S.A. 2016 Supp. 60-1505(a). These statutes do not specifically provide for a manner of discovery. See K.S.A. 60-1501 *et seq*. No case has addressed whether the rules of discovery contained in the Kansas Code of Civil Procedure apply to K.S.A. 60-1501 proceedings.

While this court has not addressed the application of the rules of discovery to K.S.A. 60-1501 proceedings, it has addressed the application of such rules to a K.S.A. 60-1507 motion. In *LaPointe v. State*, 42 Kan. App. 2d 522, 551, 214 P.3d 684 (2009), *rev. denied* 290 Kan. 1094 (2010), the Kansas Court of Appeals held that Kansas civil discovery statutes do not apply to K.S.A. 60-1507 proceedings. In reaching its conclusion, the court reasoned that "the purpose of discovery in an ordinary civil case is different from the purpose of a K.S.A. 60-1507 proceeding." 42 Kan. App. 2d at 550. The discovery provisions of Chapter 60 are designed to define the factual and legal arguments in a civil proceeding initiated by notice pleading. Specifically, the purpose of those discovery rules is to "'educate the parties in advance of trial of the real value of the claims

7

and defenses; to expedite litigation; to safeguard against surprise; to prevent delay; to simplify and narrow the issues; and to expedite and facilitate both preparation and trial.' [Citations omitted.]" 42 Kan. App. 2d at 550-51. In contrast, a K.S.A. 60-1507 movant must already have this information in the motion to survive summary dismissal. 42 Kan. App. 2d at 551. The court pointed out that K.S.A. 60-1507 motions have a heightened pleading standard because the underlying criminal case already developed the record. 42 Kan. App. 2d at 551.

The reason for denying the application of the rules of discovery in K.S.A. 60-1507 motions apply to K.S.A. 60-1501 petitions as well. The purposes of civil discovery are not readily applicable to K.S.A. 60-1501 petitions. To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. *Johnson*, 289 Kan. at 648-49; see K.S.A. 2016 Supp. 60-1503(a) ("If it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief in the district court, the petition shall be dissolved at the cost of the plaintiff."). Because the petition itself must establish the grounds for relief in order to survive summary dismissal, discovery is not necessary to identify or narrow legal and factual arguments.

Moreover, the legislature intended for habeas proceedings to be summary in nature and dealt with in an expedited fashion. Under K.S.A. 2016 Supp. 60-1503(a), the district court must promptly examine K.S.A. 60-1501 petitions. If the court issues a writ, then it must "proceed in a summary way to hear and determine the cause and may do so regardless of whether the person restrained is present." K.S.A. 2016 Supp. 60-1505(a).

8

Extensive discovery would arguably run counter to the summary nature of habeas proceedings.

The *LaPointe* court also noted that the sanctions system for discovery abuse does not readily transfer to K.S.A. 60-1507 proceedings. As the court explained, "[t]he liberal discovery procedures in the Code of Civil Procedure are set up for discovery in an ordinary civil case where a party can be sanctioned for abusing the discovery process." 42 Kan. App. 2d at 550. These sanctions would not serve as an adequate check on discovery abuses in K.S.A. 60-1507 proceedings, though, because "monetary sanctions can often not be collected from an imprisoned movant." 42 Kan. App. 2d at 550. This would also be true of K.S.A. 60-1501 petitioners.

In one respect, though, K.S.A. 60-1507 proceedings and K.S.A. 60-1501 proceedings are notably different. In a K.S.A. 60-1507 proceeding, an inmate is challenging the criminal proceedings which resulted in his or her confinement. Thus, the underlying criminal case developed the record necessary to establish the relevant facts. In the case of a K.S.A. 60-1501 petition, however, an inmate is challenging the conditions of his or her current confinement. Thus, there is no previously developed record on which an inmate may rely in establishing his or her claims. See *Merryfield v. State*, 44 Kan. App. 2d 817, 828-29, 241 P.3d 573 (2010) (noting this difference between K.S.A. 60-1507 and K.S.A. 60-1501 proceedings, but declining to address whether discovery rules are applicable to K.S.A. 60-1501 proceedings).

Thus, there may be K.S.A. 60-1501 proceedings where the record is not sufficient to resolve the issues raised in the petition, but the petitioner is not entitled to discovery as a matter of course. The federal system resolved this issue by allowing limited discovery in habeas proceedings:

9

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. Thus, in *Harris v. Nelson*, 394 U.S. 286, 295, 89 S. Ct. 1082, 1088-1089, 22 L.Ed.2d 281 (1969), we concluded that the 'broad discovery provisions' of the Federal Rules of Civil Procedure did not apply in habeas proceedings. We held, however, that the All Writs Act, 28 U.S.C. § 1651, gave federal courts the power to 'fashion appropriate modes of procedure,' 394 U.S., at 299, including discovery, to dispose of habeas petitions 'as law and justice require,' *id*., at 300." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997).

Congress eventually passed legislation allowing discovery under the Federal Rules of Civil Procedure in habeas cases based on a showing of good cause. *Bracy*, 520 U.S. at 904. Kansas has no such legislation specifically addressing this issue. Under K.S.A. 2016 Supp. 60-265 and K.S.A. 2016 Supp. 60-267, however, district courts arguably have the power to allow limited discovery in cases as justice requires. See K.S.A. 2016 Supp. 60-265(c) ("When no provision in this article refers specifically to a matter over which the court has jurisdiction, the court must proceed in a just and equitable manner that protects the rights and interests of all affected parties."); K.S.A. 2016 Supp. 60-267(b) ("In all cases not provided for by this article, the district courts may regulate practice in any manner consistent with this article and rules prescribed by the supreme court."). Thus, even if K.S.A. 60-1501 petitioners generally may not rely on discovery as established in the Kansas Code of Civil Procedure, they may arguably do so in special cases.

White argues that the plain language of Chapter 60 demonstrates the rules of discovery apply to K.S.A. 60-1501 proceedings. Specifically, he points to K.S.A. 2016 Supp. 60-201(b) which states, "This article governs the procedure in all civil actions and proceedings in the district courts of Kansas, other than actions commenced pursuant to the code of civil procedure for limited actions." K.S.A. 60-201(b) clearly indicates that K.S.A. 60-1501 petitions are subject to the rules of civil procedure, and Kansas courts have held as much. *Holt v. Saiya*, 28 Kan. App. 2d 356, 362, 17 P.3d 368 (2000). Nonetheless, a holding that the rules of discovery do not apply to K.S.A. 60-1501

10

petitions does not run counter to this statute. Nothing in the statute indicates that *all* the rules of civil procedure must apply to *all* civil actions. Kansas courts have repeatedly held this to be the case in habeas proceedings. See *Bankes*, 265 Kan. at 349 ("Proceedings on a petition for writ of habeas corpus filed pursuant to K.S.A. 60-1501 are not subject to ordinary rules of civil procedure."); *Swisher*, 12 Kan. App. 2d at 184 (same).

White actually acknowledges that K.S.A. 60-1501 proceedings are not subject to the ordinary rules of civil procedure but notes that "this principle is generally only associated with the summary dismissal of a habeas petition." These cases seem to be holding, however, that a K.S.A. 60-1501 petition may be summarily dismissed because it is not subject to the ordinary rules of civil procedure. See, *e.g.*, *Montoy v. State*, 275 Kan. 145, 149, 62 P.3d 228 (2003) ("Ordinarily, a summary disposition of a pending case before the district court should not be granted until discovery is complete."). Furthermore, in at least one unpublished opinion, this court found that rules regarding default judgment did not apply to a K.S.A. 60-1501 petition. *Mitchell v. McKune*, No. 109,285, 2014 WL 349584, at *3 (Kan. App. 2014) (unpublished opinion).

White also argues that habeas proceedings filed pursuant to K.S.A. 60-1501 are related to habeas proceedings filed pursuant to K.S.A. 60-1507. Supreme Court Rule 183(a)(2) (2017 Kan. S. Ct. R. 222) provides that the rules of civil procedure apply to K.S.A. 60-1507 motions to the extent applicable. White reasons that the rules of civil procedure should also apply to K.S.A. 60-1501 petitions to the extent applicable. This argument does not help White's cause. This court has already held that the rules of discovery do not apply to K.S.A. 60-1507 motions. See *LaPointe*, 42 Kan. App. 2d at 551.

White briefly mentions that he also sought injunctive and declaratory relief in his petition. White does not explain, however, why this is relevant to the present issue.

11

Because this issue is not adequately briefed, the court should deem it abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011) (An issue not briefed by the appellant is deemed waived or abandoned.).

The language of K.S.A. 60-1501 *et seq*. demonstrates the legislature's intent for district courts to resolve habeas proceedings in a summary manner. Additionally, the procedure established for the resolution of K.S.A. 60-1501 petitions does not specifically authorize extensive discovery. Based on the language of these statutes, the legislature likely did not intend the rules of discovery to apply to K.S.A. 60-1501 petitions. Furthermore, the purposes of civil discovery are not applicable to K.S.A. 60-1501 proceedings. Thus, K.S.A. 60-1501 petitioners are not entitled to discovery as a matter of course.

*Did the District Court Err in Denying White's Discovery Requests Due to the Court's Broad Discretion?*

Even if the rules of discovery did apply, the district court did not err in denying White's requests. District courts have broad discretion in supervising the course and scope of discovery. *Miller v. Johnson*, 295 Kan. 636, 688, 289 P.3d 1098 (2012). A district court abuses its discretion when no reasonable person would take the view of the court. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015).

In his interrogatories, White requested the following information: the name of the mailroom clerk who initially flagged the publications for censorship; the name of the supervisory official who approved the censorship; whether the publisher had been notified; a description of the objectionable content; information regarding the appeal that overturned censorship of World magazine; how many times in the past each publication had been censored; how many prisoners subscribe to or have received each publication;

12

and information regarding the use of certain forms in notifying inmates of censorship. In his request for production of documents, White requested: all communications between staff members regarding the censorship in this case; any published guidelines used in implementing K.A.R. 44-12-313 and K.A.R. 44-12-601; and information regarding all censored materials from January 1, 2015, to February 29, 2016.

A primary limitation on a party's right to discovery is that the information sought must be relevant to the issues of the lawsuit. K.S.A. 2016 Supp. 60-226(b). The test of relevancy in the context of discovery is whether the information "appears reasonably calculated to lead to the discovery of admissible evidence." K.S.A. 2016 Supp. 60-226(b)(1). None of White's requested discovery was clearly relevant to the resolution of his K.S.A. 60-1501 petition.

White presented two issues in his K.S.A. 60-1501 petition. The first issue was whether the censored materials fell within the criteria set out in K.A.R. 44-12-601and K.A.R. 44-12-313. The only evidence relevant to this issue was the censored materials themselves. KDOC provided this material to the court, and White did not request its production.

Despite his use of the term "overbroad," White's second issue is best construed as a void-for-vagueness argument. White argued that "there are no clear guidelines to the determination of the grounds for censorship, leaving the decision to purely subjective decision making and application of regulations." Courts use a two-prong inquiry to determine if a statute is unconstitutionally vague. *City of Lincoln Center v. Farmway Co-Op, Inc.*, 298 Kan. 540, 545, 316 P.3d 707 (2013). First, courts determine whether the statute conveys a sufficiently definite warning and fair notice of the prohibited conduct in light of common understanding and practice. 298 Kan. at 545. Second, courts determine whether the statute's terms are precise enough to guard against arbitrary and discriminatory enforcement. 298 Kan. at 545. Courts can resolve void-for-vagueness

13

arguments based on the language of the statute alone. See, *e.g.*, *City of Lincoln Center*, 298 Kan. at 544 (analyzing facial and as-applied vagueness challenges to city noise and nuisance ordinance based only on language of ordinances); *State v. Teter*, 47 Kan. App. 2d 608, 612-15, 278 P.3d 968 (2012) (finding statute regulating the purchase of pseudoephedrine and ephedrine was not unconstitutionally vague based solely on the language of the statute).

Much of White's requested information was irrelevant to either of his claims. For example, how many prisoners subscribe to a certain publication or which forms KDOC uses to notify inmates of censorship has no bearing on whether the censored materials in this case fit the enumerated criteria or whether the challenged regulations are too vague. Some of his requests raised obvious security concerns, such as turning over staff communications to an inmate. Others appeared overly burdensome, such as information regarding every censored item over the course of an entire year. See K.S.A. 2016 Supp. 60-226(b)(2)(iii) (stating court may limit extent of discovery if it finds "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the proposed discovery in resolving the issues"). Given that White's requested information was not relevant to the resolution of his claims, the district court did not abuse its discretion in denying his discovery requests.

*Did the District Court Err in Summarily Denying the Petition Without an Evidentiary Hearing?*

White also argues the district court abused its discretion when it denied his petition without holding an evidentiary hearing. He claims the court's decision to deny his motion was based on a mistake of fact. In its order, the court stated "the parties appeared on March 17, 2016, and argued the motion and presented evidence." White claims he

14

never presented the merits of his case to the court, so the court's decision was based on a mistake of fact.

As a preliminary matter, White did not raise this issue before the district court and thus raises it for the first time on appeal. Generally, issues not raised before the district court cannot be raised on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). There are, of course, exceptions to this rule, and consideration of White's argument is arguably necessary to serve the ends of justice or to prevent denial of fundamental rights. *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008). He does not argue why we should hear this argument for the first time on appeal, however. Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Failure to comply with this rule may result in this court deeming the issue waived and abandoned. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015); *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014).

Moreover, the district court arguably did hold an evidentiary hearing. The court held two hearings in this case. The first hearing was originally scheduled as an evidentiary hearing. At the hearing, the court denied KDOC's motion to dismiss and then asked White if he wished to testify. White requested a continuance in order to complete discovery. The court held that it was denying discovery in this case but granted a continuance to allow White to prepare to argue the merits of the case.

The district court then scheduled a second evidentiary hearing. The court again gave White the opportunity to present evidence in support of his argument. White, however, chose not to present evidence and instead argued that the court erred in previously denying discovery. The court again held it would deny White's discovery requests. It then offered White the opportunity to either continue the hearing or go ahead and present evidence. White, however, continued to argue that discovery was necessary

15

and told the court "I don't think we can . . . even go forward without the discovery . . . without allowing discovery, this case really can't go forward . . . to prove the facts of the case." The court agreed to take the matter of discovery under advisement and then allowed KDOC to present its evidence.

In this case, the district court held two separate hearings. At both hearings, it gave White the opportunity to present evidence. White chose instead to argue in support of his discovery requests. The court also granted White a continuance at the first hearing and offered him a second continuance at the second hearing. KDOC also offered evidence at the second hearing. Based on this record, the district court did not err in noting it had held an evidentiary hearing, and it did not base its ruling on a mistake of fact.

Affirmed.