NOT DESIGNATED FOR PUBLICATION

No. 118,783

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CALVIN L. STRONG,
*Appellant*,

v.

KANSAS PRISONER REVIEW BOARD,
*Appellee*.

MEMORANDUM OPINION

Appeal from Norton District Court; ROBERT J. FLEMING AND PRESTON PRATT, judges. Opinion filed December 14, 2018. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Robert E. Wasinger*, legal counsel, of Kansas Department of Corrections, for appellee.

Before GREEN, P.J., PIERRON and BUSER, JJ.

BUSER, J.:  Calvin L. Strong appeals the district court's summary dismissal of his petition for habeas corpus brought under K.S.A. 60-1501. Strong contends the Kansas Prisoner Review Board (Board) acted arbitrarily and capriciously in denying him parole following a hearing in November 2016. On appeal, he claims the district court committed reversible error by upholding the Board's decision and dismissing his petition. Upon our review, we find no reversible error and, therefore, affirm the district court's ruling.

1

Strong was convicted by a jury of rape in April 1981 and sentenced to a minimum of 15 years and maximum of 30 years' imprisonment. Shortly thereafter, Strong was convicted by a jury of attempted aggravated burglary and sentenced to a minimum of 3 years and maximum of 10 years' imprisonment. The sentence in the latter case was to be served consecutively to the earlier one. As a result, Strong's controlling prison term for the two crimes was a minimum of 18 years and a maximum of 40 years.

Strong received a conditional release from confinement in February 2003. His conditional release was revoked in August 2003, however, because Strong absconded from supervision. According to Strong, he absconded because unspecified threats against him made him fear for his life. Since his latest incarceration, the Board has passed Strong for parole in January 2004, September 2004, October 2005, September 2008, March 2010, October 2010, February 2011, September 2013, December 2015, and December 2016.

When the Board passed Strong for parole in December 2016, it stated that it had considered "all statutory factors," and then listed the reasons for its decision: "Serious nature/circumstances of crime; Denies responsibility; Objections." The Board scheduled Strong's next parole board hearing for December 2018 and recommended that in the meantime Strong "remain free of disciplinary reports."

Strong filed a request for the Board to reconsider its adverse decision but the request was denied. On January 8, 2017, Strong filed a petition for a writ of habeas corpus under K.S.A. 60-1501. The Labette District Court summarily dismissed Strong's petition on March 2, 2017. In its memorandum decision and order, the district court wrote:

"Petitioner's claim that his due process rights have been violated by the Kansas Review Board must fail because he has no liberty interest in parole.

"Petitioner argues that the [Board's] actions denying parole after 36 years of incarceration [were] arbitrary and capricious and that fairness requires more than a perfunctory statement that the [Board] has considered all statutory factors. Plaintiff argues that the fact [the Board] uses the same reasons each time his parole is denied ignore many unreported facts in his petition. This Court takes judicial notice of the pleadings and exhibits filed in Case Nos. 2016 CV 35 PA, 2016 CV 42 PA and 2017 CV 03 PA. While it is true that [the Board] uses similar language for past reasons, included among those reasons are 'disciplinary reports' and 'denies responsibility' Petitioner has a long history of disciplinary problems including a couple within the past 12 months. It is a stretch to argue that the Board's action, under those circumstances, is arbitrary or capricious or that it constitutes shocking and intolerable conduct. It appears to this Court that the Board acted reasonably in concluding that Petitioner has not exhibited that he is fit to be released on parole and was justified in denying his parole. This Court finds that the [Board] did not act arbitrarily or capriciously."

After the district court dismissed the petition, the Department of Corrections transferred Strong from the correctional facility in Labette County to the facility in Norton County. As a result, this litigation was also transferred to Norton County.

ANALYSIS

On appeal, Strong contends the Board "exercised its discretion arbitrarily and capriciously by providing insufficient reasons for its decision that were lacking a factual basis." To support his argument, Strong asserts that: (1) the Board used the same reasons that have been cited against him since 1992; (2) proportionality requires him to be paroled; (3) his age should have been considered; (4) there cannot be objections to his parole; and (5) the Board mischaracterizes his attempts to distinguish himself from others convicted of rape.

3

"To avoid summary dismissal of a K.S.A. 60-1501 petition, the petitioner's allegations must be of shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). Even if a petitioner claims the deprivation of a constitutional right, K.S.A. 2017 Supp. 60-1503(a) requires summary dismissal "'[i]f it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief. . . .'" *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). "In determining if this standard is met, courts must accept the facts alleged by the inmate as true." 279 Kan. at 850. Our court exercises unlimited review of a summary dismissal. *Johnson*, 289 Kan. at 649.

An inmate may file a writ of habeas corpus under K.S.A. 60-1501 to seek review of a final order of the Board. *Swisher v. Hamilton*, 12 Kan. App. 2d 183, 185, 740 P.2d 95 (1987). "However, because parole is a privilege, a matter of grace exercised by the [Board], this court's review of the denial of parole is limited to whether the [Board] complied with applicable statutes and whether its action was arbitrary and capricious." *Payne v. Kansas Parole Board*, 20 Kan. App. 2d 301, 307, 887 P.2d 147 (1994). An action is only arbitrary or capricious if it is so unreasonable that no reasonable person would agree with it or if it lacks any factual basis. See *Blue Cross & Blue Shield of Kansas, Inc. v. Praeger*, 276 Kan. 232, 275, 75 P.3d 226 (2003).

In deciding whether to grant Strong parole, Kansas law required the Board to consider

> "all pertinent information regarding such inmate, including, but not limited to, the circumstances of the offense of the inmate; the presentence report; the previous social history and criminal record of the inmate; the conduct, employment, and attitude of the inmate in prison; the reports of such physical and mental examinations as have been made, including, but not limited to, risk factors revealed by any risk assessment of the inmate; comments of the victim and the victim's family including in person comments, contemporaneous comments and prerecorded comments made by any technological

4

means; comments of the public; official comments; any recommendation by the staff of the facility where the inmate is incarcerated; proportionality of the time the inmate has served to the sentence a person would receive under the Kansas sentencing guidelines for the conduct that resulted in the inmate's incarceration; and capacity of state correctional institutions." K.S.A. 2017 Supp. 22-3717(h)(2).

Under K.S.A. 2017 Supp. 22-3717(j)(1), the Board must notify an inmate in writing of its reasons for denying parole. "In a given case, a single immutable factor may be a sufficient basis for denying parole." *Kesterson v. Roberts*, No. 117,384, 2017 WL 5184365, at *4 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. 987 (2018). The Board need not give explicit details to support its findings or give specifics about how certain factors weighed in its decision. See *Torrence v. Kansas Parole Board*, 21 Kan. App. 2d 457, 458-59, 904 P.2d 581 (1995). Our court has found that listing the categories for denying parole, without additional commentary, meets the statutory requirements of K.S.A. 2017 Supp. 22-3717(j)(1). See *Galloway v. Kansas Parole Board*, No. 110,637, 2014 WL 2229548, at *2 (Kan. App. 2014) (unpublished opinion).

We are persuaded that the Board provided sufficient reasons for denying Strong parole. The Board listed the serious circumstances of the crime, denial of responsibility, and objections to parole as its reasons to pass Strong in December 2016. These are valid statutory reasons for denying an inmate parole. See K.S.A. 2017 Supp. 22-3717(h); *Wilson v. Kansas Prisoner Review Board*, No. 115,017, 2017 WL 751111, at *3 (Kan. App. 2017) (unpublished opinion) (finding that an inmate's refusal to accept responsibility is an appropriate reason to deny parole), *rev. denied* 306 Kan. 1332 (2017). Our court also has upheld the denial of parole when the Board provided reasons similar to the present case for denying parole. See *Morris v. Kansas Dept. of Corrections*, No. 107,068, 2012 WL 3630283, at *3-4 (Kan. App. 2012) (unpublished opinion) (holding that the Board was not arbitrary or capricious when it denied parole because of the circumstances of the crime and objections to parole).

5

Moreover, the Board did not act arbitrarily by using the same reasons for denying Strong parole as it had used on prior occasions. We have rejected a similar argument that considering immutable facts, such as the circumstances of the offense, in denying parole is arbitrary and capricious. *Kesterson*, 2017 WL 5184365, at *4. Despite whether some facts are immutable or whether factors were previously used to deny parole, Kansas law requires the Board to examine all pertinent information in considering whether to grant an inmate parole. Although the Board has previously cited similar reasons for denying Strong parole, that does not make the particular reasons improper or the Board's consideration of them somehow arbitrary.

Strong also asserts that proportionality requires him to be released on parole. Proportionality is one of the considerations listed in K.S.A. 2017 Supp. 22-3717(h), but nothing in the statute requires that proportionality outweigh all other factors. *Galloway*, 2014 WL 2229548, at *3. Likewise, the statute does not require that the Board grant parole when an offender has served a proportionate sentence. 2014 WL 2229548 at *3. In addition, to the extent that Strong is asking our court to reweigh the evidence before the Board, we are without authority to substitute our discretion for that of the Board. *Swisher*, 12 Kan. App. 2d at 185-86.

Strong's next argument is that "his age and maturity . . . make him less likely to commit offenses in the future and should be considered in determining whether the Board should have granted him parole." Again, our court's review is limited to whether the Board complied with the applicable statutes and whether its decision was arbitrary and capricious. Contrary to Strong's suggestion, we do not reweigh the evidence presented to the Board to determine if the Board should have granted him parole.

With regard to Strong's claim that the Board should have considered his age, he likewise fails to show that the Board acted arbitrarily. Although the Board must notify an inmate of its reasons for not granting parole, there is no requirement that the Board

6

discuss each factor considered or explain why certain factors might have weighed against its decision. Nothing in the record suggests that the Board failed to consider Strong's age in its decision to deny him parole. Moreover, by providing a nonexclusive list of factors in K.S.A. 2017 Supp. 22-3717(h), the Legislature gave the Board discretion to determine when information is pertinent. *Denney v. Kansas Prisoner Review Board*, No. 116,532, 2017 WL 1035566, at *2 (Kan. App. 2017) (unpublished opinion), *rev. denied* 306 Kan. 1317 (2017). Even if the Board did not find that Strong's age was pertinent in its determination, that conclusion was within the Board's discretion.

Strong next contends there is no factual basis for the Board's reasons to deny him parole. For example, he asserts there cannot be objections to his parole because the victim has been deceased for several years. However, under K.S.A. 2017 Supp. 22-3717(h), a victim's objection may be considered if it is prerecorded. Additionally, the Board may consider objections from other sources, including the victim's family, the public, law enforcement, and the staff of the facility where the inmate is incarcerated.

Additionally, Strong asserts that the Board mischaracterized his attempts to distinguish himself from others convicted of rape as a refusal to accept responsibility. Strong states that he was explaining why he should be eligible for parole, not refusing to accept responsibility for his actions. In his petition to the district court, Strong wrote:

> "There is nothing to support the Board's claims of serious nature and circumstances of the crime. There was no evidence of any physical violence at my trial, I admitted to having sexual [intercourse] with the [victim] there was no physical evidence [(semen)] present, no physical injuries, no weapon recovered, she failed the rape kit, and perjured testimony was confirmed during my second trial . . . ."

While the underlying cases are not included in the record on appeal, prior parole denials explained the Board's concerns over the serious nature and circumstances of Strong's crimes. A 1998 parole denial listed the "[s]erious and violent nature and

7

circumstances of the crime" as a reason for denial. A 1994 parole denial listed the "serious nature and circumstances of the crime; [Strong] raped a victim at knifepoint; [Strong] robbed with a handgun" as reasons for the denial. In other words, there was a factual basis supporting the seriousness of Strong's crimes as a reason to deny parole. Moreover, Strong's attempts to minimize the seriousness of his offense falls directly in line with the Board's conclusion that he is refusing to accept responsibility for his actions.

In summary, the reasons stated by the Board for denying Strong parole are authorized by statute and are sufficient to support its decision. Strong failed to demonstrate that the Board exercised its discretion in an arbitrary or capricious manner. As a result, the district court did not err by dismissing Strong's K.S.A. 60-1501 petition.

Finally, we take this opportunity to encourage the Board to provide inmates with more information than Kansas law requires in their action notices informing inmates of parole decisions. In this way, both inmates and reviewing courts will have a better understanding of the Board's reasons for a particular parole decision.

Affirmed.