NOT DESIGNATED FOR PUBLICATION

No. 120,724

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LARRY TOOTHMAN,
*Appellant*,

v.

MARTIN J. SAUERS, Warden, et al.,
*Appellees.*

MEMORANDUM OPINION

Appeal from Ellsworth District Court; SCOTT E. MCPHERSON, judge. Opinion filed September 6, 2019. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Robert E. Wasinger*, legal counsel, Kansas Department of Corrections, for appellees.

Before POWELL, P.J., GARDNER, J., and LAHEY, S.J.

PER CURIAM: Larry Toothman, an inmate in the Ellsworth Correctional Facility, appeals the district court's dismissal of his habeas corpus petition filed under K.S.A. 2018 Supp. 60-1501. Toothman filed the action in response to a disciplinary report he received for attempting to contact his stepdaughter via mail. On appeal, Toothman claims the district court erred because he has a constitutional interest in contacting his stepdaughter. We disagree and affirm.

1

Toothman was found in violation of K.A.R. 44-12-601 after he attempted to contact his stepdaughter by mail by putting two letters—one to his stepdaughter, S.T., and one to his ex-wife—in one envelope. Prison officials believed his stepdaughter was his victim and that he was restricted from contacting her.

Toothman filed a petition in the Ellsworth County District Court alleging his civil rights had been violated. Toothman utilized as his petition what appears to be a federal court form that apparently can be used by prisoners to file federal civil rights claims under 42 U.S.C. § 1983. In this document Toothman claimed that two disciplinary reports (DRs) he received violated his constitutional right to freedom of speech and were mail censorship. He also alleged due process violations regarding the disciplinary reports written for the mail violations. Toothman attached a partial grievance complaint; however, he did not include the DRs that were part of the complete grievance record. The district court appointed counsel for Toothman.

Without objection from Toothman or his counsel, the district court construed his pleading as a petition for a writ of habeas corpus under K.S.A. 2018 Supp. 60-1501 and discerned two complaints: (1) Toothman improperly received DRs for putting two letters in one envelope; and (2) Toothman's First Amendment rights were violated by being prohibited from contacting his stepdaughter due to policies applicable to inmates classified as sex offenders. For relief, Toothman requested reimbursement for the postage and the papers that were destroyed and $3,000 in damages for the strain and mental and emotional hardships that he had gone though in the last three years after being prohibited from contacting his stepdaughter.

Based upon Toothman's pleadings, the district court summarily dismissed the first claim, holding:

"[T]his court grants KDOC the presumption of having before it sufficient evidence to make its decision regarding outgoing mail rules. KDOC's decision should not be disturbed unless the [petitioner] shows by a preponderance of evidence that his constitutional rights were infringed to a shocking or intolerable degree. See *Swisher v. Hamilton*, 12 Kan. App. 2d 183, [740 P.2d 95 (1987)]. This court finds that on issue (1) Toothman has failed to state a claim for which he may be entitled to relief."

On the second issue, the district court found that it was unclear whether Toothman was prohibited from contacting his stepdaughter and issued a writ of habeas corpus, ordering the prison officials to respond. Prison officials responded to the writ by filing a motion to dismiss for failure to state a claim upon which relief could be granted. The district court granted this motion to dismiss, holding:

"Toothman has claimed that [S.T.], his step-daughter, is not a victim of his crimes. As pointed out by the Respondents she was listed as a victim . . . . It does not appear from the record in that case that Toothman was convicted of a crime against [S.T.]. However, she is a family member of a victim for whom Toothman was convicted. That makes her a prohibited person pursuant to the IMPP.

"Toothman claims that [S.T.] consents to the contact and that [S.T.]'s mother . . . has submitted a letter stating her approval. However, Toothman presents no evidence in his Petition to support this claim. The Respondents include a letter from [S.T.'s mother] (Exhibit B, p. 18), but there is no indication that [she] or [S.T.] have appropriately sought contact through the KDOC Victim Services division as required by IMPP 11-115A II C. 2. b. (1)."

Toothman timely appeals.

DID THE DISTRICT COURT ERR IN DISMISSING TOOTHMAN'S PETITION?

On appeal, Toothman argues that the district court erred in granting the respondents' motion to dismiss for failure to state a claim because he has a constitutional

3

interest in writing his stepdaughter. He does not brief the other issue decided by the district court regarding sending two letters in one envelope. Therefore, we find that issue abandoned. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018).

"[A] 1501 petition is a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement, including administrative actions of the penal institution." *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67, 883 P.2d 1211, *rev. denied* 256 Kan. 996 (1994). To state a claim for relief under K.S.A. 2018 Supp. 60-1501, a petition must allege

> "shocking and intolerable conduct or continuing mistreatment of a constitutional stature. Summary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists. [Citation omitted.]" *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009).

We exercise unlimited review of a district court's summary dismissal of a 60-1501 petition. 289 Kan. at 649.

Toothman asserts he has a liberty interest in writing to his stepdaughter, yet beyond that he offers no support to establish a liberty interest other than quoting multiple pages of IMPP 11-115A without much, if any, argument. IMPP (which stands for Internal Management Policy and Procedure) 11-115A II.C.2. states:

> "2.     No Contact with Victims or Victims' Families
>
>> "a.     Except as indicated below, a sex offender is prohibited from contact with his/her victim(s) by any means including visits, telephone, email or regular mail, regardless of age.

"b.     Consideration for contact with victim or victim's family shall not occur unless:

(1)     The victim(s) or family member, or a minor victim/family member's parents or guardians, seek such contact through the KDOC Victim Services division;

(2)     A current recommendation by the SOTP [sex offender treatment program] provider does not preclude contact with one or more known victims; and,

(3)     If the victim resides with the victim's family member seeking the contact, there are no indications that the request by the family member is being made to circumvent the prohibition on contact with the victim, and/or the family member is told clearly that contact with the family member shall not result in contact with the victim (e.g., handing the phone to the victim, passing mail to the victim)."

IMPP 11-115A defines "immediate family" to include stepchildren and "victim's family" to include siblings of the victim. IMPP 11-115A II.C.1.c. states:

"A sex offender who has only had adult victims may request an override for contact with a person below the age of 18 before treatment consistent with K.A.R. 44-12-211, 44-12-212, and 44-12-601. (As a general rule, inmates may not contact minors, with only two exceptions:  for minor family members and for those minors whose parent or guardian has provided express written consent for the contact to take place.)"

According to the record on appeal, it appears S.T. was not Toothman's victim; she is the sister of his victim. But under the IMPP, she is still an individual Toothman is prohibited from contacting. Moreover, there is no indication that S.T. or her mother has sought to contact Toothman through the KDOC Victim Services Division as required by

5

IMPP 11-115A II.C.2.b.(1). In fact, the only information in the record regarding the required overrides demonstrates that any requests for overrides allowing contact with various individuals have been denied.

Further, Toothman's argument that IMPP 11-115A infringes on his First Amendment rights has been previously addressed in *Mondonedo v. Roberts*, No. 12-3045-SAC, 2013 WL 1087352, at *5 (D. Kan. 2013) (unpublished opinion):

"Plaintiff alleges in count one that defendants violated his First Amendment rights of free expression and speech by preventing him from writing to his children.

"'Inmates clearly retain protections afforded by the First Amendment.' *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). But 'simply because prison inmates retain certain constitutional rights does not mean that these rights are not subject to restrictions and limitations.' *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). 'The curtailment of certain rights is necessary, as a practical matter, to accommodate a myriad of "institutional needs and objectives" of prison facilities . . . .' *Hudson v. Palmer*, 468 U.S. 517, 524 (1984) (citation omitted).

"A prison regulation infringing on an inmate's right to free speech is valid if it is reasonably related to a legitimate penological interest. See *Turner v. Safley*, 482 U.S. 78, 89 (1987). Plaintiff thus has the burden to plead some plausible facts supporting his claim that the ban on communicating with his minor children imposed pursuant to IMPP 11-115 did not serve the legitimate purpose for the policy articulated by the State. See *Al-Owhali v. Holder*, 687 F.3d 1236, 1241 (10th Cir. 2012).

"In upholding the constitutional validity of IMPP 11-115, the Kansas Court of Appeals held that the policy 'serve[s] the correctional interests of safety, security, management, and control of the facility and provide[s] for the safety of the community in general.' *Hill v. Simmons*, 33 Kan. App. 2d 318, 319 (2004). It found that IMPP 11-115 was 'simply an administrative measure designed to enhance . . . the rehabilitation of sex offenders,' and found the policy to be constitutional in all respects. *Id.* at 321.

6

"Similarly, the federal court for this district has held that IMPP 11-115 serves a legitimate penological interest, stating:

"'The KDOC policy attempts to balance the rights of the accused with the safety of the public, particularly its children. IMPP 11-115 provides a system in which sex offenders may be managed in prison and in parole through treatment and programming. . . . Furthermore, the court adopts the reasoning of the Kansas Court of Appeals decision in *Hill*, which found that IMPP 11-115 is constitutional. *Fuller v. Werholtz*, 2005 WL 1631066 (D. Kan. July 11, 2005) (dismissing the case)."' 2013 WL 1087352, at *5.

See *Hill v. Simmons*, 33 Kan. App. 2d 318, 321-24, 101 P.3d 1286 (2004) (finding IMPP 11-115 does not violate Ex Post Facto Clause, Fourteenth Amendment due process rights, or First Amendment rights).

We are persuaded by these authorities and find that IMPP 11-115A is constitutional; therefore, there was no violation of Toothman's First Amendment rights. Additionally, there is no indication that the individuals Toothman is seeking to contact have gone through the proper requirements of IMPP 11-115A to permit contact. The district court did not err in dismissing Toothman's petition.

Affirmed.